**John W. HOWSE, Jr.,
Plaintiff-Appellant,**

v.

**Margaret HECKLER, Secretary of
Health and Human Services,
Defendant-Appellee.**

No. 84–1750.

United States Court of Appeals,
Sixth Circuit.

Submitted Dec. 9, 1985.

Decided Feb. 3, 1986.

Seymour L. Muskovitz, McCroskey, Feldman, Cochrane & Brock, Muskegon, Mich., for plaintiff-appellant.

John A. Smietanka, U.S. Atty., Grand Rapids, Mich., for defendant-appellee.

Before ENGEL and MILBURN, Circuit Judges, and WOODS, District Judge.*

PER CURIAM.

John Howse appeals from the judgment entered in the United States District Court for the Western District of Michigan denying his motion for summary judgment and dismissing his claim for Disability Insurance Benefits brought pursuant to the Social Security Act, 42 U.S.C. § 301 *et seq.*

Mr. Howse was awarded a closed period of disability (July 11, 1973 to August 6, 1976) due to shoulder injuries which occurred on the job in 1973 and which were aggravated by an accident in December of the same year. This closed period of entitlement was ordered by the district court on August 20, 1981, though the court granted benefits on December 3, 1980.

The application forming the basis of this case was filed by Mr. Howse on May 27, 1980. This application was denied initially and upon request for reconsideration. Following a *de novo* hearing, an administrative law judge determined that while Mr. Howse is unable to engage in his past relevant work he is capable of performing the full range of sedentary work. That decision became the final decision of the

---

* The Honorable George E. Woods, United States District Court for the Eastern District of Michigan, sitting by designation.

Secretary on April 25, 1983, when the Appeals Council denied Mr. Howse's request for review.

Mr. Howse sought judicial review of the Secretary's final decision pursuant to 42 U.S.C. § 405(g). On August 1, 1984, the district court concluded that substantial evidence exists to support the Secretary's final decision, and entered judgment in her favor.

Mr. Howse was born on January 22, 1943, and was 37 years old at the time of the administrative hearing. He has a tenth grade education and his past relevant work is as a flex grinder in a foundry. The ALJ characterized this employment as unskilled and characterized Howse's education as limited. Mr. Howse testified that he has not worked since March 17, 1980, due to a back injury suffered when he fell down some stairs at work. Mr. Howse had also undergone shoulder surgery in August, 1979, and had two vertebrae crushed in an old back injury. He worked for eight months after the 1979 accident but left in March, 1980, due to pain and restricted mobility. Mr. Howse has also been diagnosed as suffering from depression. He has an enlarged heart and is blind in one eye.

Mr. Howse alleges that his shoulder and back impairments are the primary cause of his disability. He testified that he cannot sleep more than four hours due to constant pain in his left shoulder. He cannot walk farther than a quarter of a mile before having to sit down. He further testified that he can stand no longer than fifteen minutes without having to sit down. He cannot drive a car.

The medical evidence supports Howse's testimony that his mobility is significantly restricted due to shoulder and back impairments. The record reflects that Mr. Howse underwent surgery in 1973 to drain a hematoma in his left shoulder. Dr. Robert G. Hylland reported on August 10, 1982, that Howse exhibited full range of motion in his left shoulder, but he expected the arthritis in that shoulder "... could certainly become aggravated by any activities which required repetitive flexion and particularly flexion, adduction, and elevation of the left shoulder of anything on a repetitive basis." (App. at 257.) Dr. Hylland also found a mild gibbous deformity in the lower thoracic spine, but it was non-tender. He concluded that Mr. Howse had a compression fracture at T–10 and T–11.

Dr. Herman Hoeksema, an orthopedic surgeon, treated Mr. Howse from April, 1980, to June, 1982. Dr. Hoeksema's notes indicate that Howse's condition worsened during this period despite efforts to control the pain, such as heat treatment, Williams exercises, Darvocet and other prescription medications. (App. at 249–54.) Dr. Neil Johnson, an internist who examined Howse at the Secretary's request on December 15, 1980, stated in his report that Howse had full range of motion in all his joints except the dorso-lumbar spine where he had 80 percent flexion. Dr. Johnson also found that Howse had post fractures of the T–10 and T–11 vertebrae, status post surgery of the left shoulder and althralgias of the right shoulder. (App. at 245.)

Based on this evidence, the ALJ found that Mr. Howse had a severe musculoskeletal impairment and could no longer do his past work. The ALJ accepted Mr. Howse's testimony that he is unable to walk more than a quarter of a mile, stand for more than fifteen minutes, and sit for more than an hour at a time. He found Mr. Howse's allegations of pain credible only to the extent that pain does not further preclude him from performing the full range of sedentary work as defined in 20 C.F.R. § 404.-1567(a), except work involving prolonged sitting, standing, walking, and heavy repetitive lifting. The ALJ concluded therefrom that Howse is not disabled.

This court must accept the Secretary's findings if they are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). However, there is not substantial evidence in the record before the court to support the Secretary's conclusion that Mr. Howse can perform sedentary work. The ALJ's findings themselves reflect that the

physical limitations occasioned by Howse's impairments preclude him from doing sedentary work. The record reflects and the Secretary found that Howse is incapable of sitting or standing for long periods of time. This circuit has held that sedentary work as defined by the Secretary's regulations contemplates substantial sitting as well as some standing and walking, and that alternating between sitting and standing, as Howse would have to do to accommodate his impairments, may not be within the definition of sedentary work. *Wages v. Secretary*, 755 F.2d 495, 498 (6th Cir.1985).

In *Wages*, the Secretary denied benefits to a claimant who suffered from severe kyphoscoliosis upon a finding that the claimant retained the functional capacity to engage in sedentary work. This court noted on appeal that the record clearly showed that the claimant cannot sit or stand for long intervals but must move about as she finds necessary in order to obtain relief. Since the evidence showed that the claimant had a severe impairment and that she "must alternate between sitting and standing for comfort," the court determined that there was not substantial evidence in the record to support the Secretary's conclusion that she could perform sedentary work. The court in *Wages* relied upon the holdings of other courts and upon a nonbinding guideline published by the Secretary in 1983 recognizing that sedentary work involves sitting for long periods.

The evidence in the present case likewise shows that Howse's impairments preclude him from sitting or standing for long periods of time. There is absent from the record any testimony from a vocational expert or otherwise regarding the availability of sedentary jobs which may accommodate his limitations. In short, we are unable to find any significant differences between the circumstances here and those which brought about reversal in *Wages, supra,* and accordingly the judgment of the district court is VACATED and the case REMANDED to the district court with instructions to remand to the Secretary for an award of benefits.