831 F.2d 297
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walter TERRY, Plaintiff-Appellee,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellant.
 No. 86-2041
 United States Court of Appeals, Sixth Circuit.
 October 5, 1987.
 
 Before ENGEL, KRUPANSKY AND DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Walter Terry (plaintiff) initiated a claim for social security benefits on June 15, 1983. His petition was denied, both on original review and on reconsideration. Plaintiff then requested and received a de novo hearing on his claim before an administrative law judge (ALJ) on March 12, 1984. On April 4, 1984, the ALJ determined that the plaintiff was eligible for disability benefits. The Appeals Council (Council) reviewed this decision sua sponte and on August 14, 1984 reversed the decision of the ALJ, finding that the plaintiff was not disabled and therefore not eligible for disability benefits. The Secretary of Health and Human Services adopted the decision of the Council.
 
 
 2
 Plaintiff appealed the Council's decision to the District Court on September 4, 1984. The case was assigned to a Magistrate, who, on August 19, 1985, issued a recommendation that the Council's determination be vacated and the ALJ's decision be reinstated, finding that the ALJ's decision was supported by substantial evidence. On September 9, 1986, the District Court granted summary judgment for the Secretary of Health and Human Services (defendant), finding that the Magistrate had applied the wrong standard of review in light of Mullen v. Bowen, 800 F.2d 535 (6th Cir. 1986) (deference to be given to Council's determination, not that of ALJ). The District Court found that there was substantial evidence to sustain the Council's determination that the plaintiff was not disabled. Plaintiff appealed that decision on November 6, 1986 and the case is presently before this court for review.
 
 
 3
 On appeal, plaintiff first argued that the Council failed to defer to the ALJ's determinations in light of his ability to personally observe and judge the appearance, demeanor and credibility of the plaintiff. While it is true that the Council should give appropriate deference to the ALJ's ability to judge the credibility of plaintiff, Beavers v. Secretary of Health & Human Services, 577 F.2d 383, 387 (6th Cir. 1978), the Council is not required to defer to the findings or determinations of the ALJ and may come to contrary conclusions, so long as they are supported by substantial evidence.[1] As the District Court below correctly noted, 'the issue for judicial review is whether the Appeals Council's findings, and not those of the administrative law judge, are supported by substantial evidence when those findings conflict.' Mullen v. Bowen, 800 F.2d 535, 546 (6th Cir. 1986) (en banc). If supported by substantial evidence, this court has no jurisdiction to overturn such findings. Wages v. Secretary of Health & Human Services, 755 F.2d 495, 497 (6th Cir. 1985); Howse v. Heckler, 782 F.2d 626, 627 (6th Cir. 1986). Because there was substantial evidence upon which the Council could have based its decision, plaintiff's first argument is thus rejected.
 
 
 4
 Plaintiff next argued that the Council failed to give appropriate consideration to the testimony of Dr. Vincent, one of two treating physicians who supplied testimony in this case. Plaintiff argued that the testimony of a treating physician must be accorded great deference. Duncan v. Secretary of Health & Human Services, 801 F.2d 847, 855 (6th Cir. 1986); Harris v. Secretary of Health & Human Services, 756 F.2d 431, 435 (6th Cir. 1985). Although as a general proposition this is true, it misses the mark in this particular case for two reasons.
 
 
 5
 First, although appropriate deference is to be given to the testimony of a treating physician, his opinion is of course not dispositive, and ultimate determinations of fact are to be made by the Council, not the treating physician. Harris, 756 F.2d at 435; accord Crisp v. Secretary of Health & Human Services, 790 F.2d 450, 452 (6th Cir. 1986). In particular, deference is to be given to such testimony 'only if the treating physician's opinion is based on sufficient medical data.' Harris, 756 F.2d at 435 (emphasis added); see also Garner v. Secretary of Health & Human Services, 745 F.2d 383, 391 (6th Cir. 1984). In the instant case, Dr. Vincent performed no diagnostic or laboratory tests on plaintiff, and admitted that he did not have the results of any such tests in his office. Essentially, Dr. Vincent's conclusions were based primarily upon the plaintiff's own subjective complaints, rather than upon sufficient medical data. For that reason alone, the Council need not have deferred to Dr. Vincent's medical findings in this case.
 
 
 6
 Furthermore, plaintiff ignored the fact that another of his treating physicians also provided testimony in this case as to his alleged disability. Dr. Tuttle, a specialist in internal medicine, had specifically treated plaintiff for his cardiac and respiratory complaints, including recourse to clinical, diagnostic and laboratory testing. In contrast to Dr. Vincent's testimony, Dr. Tuttle reported that plaintiff had no history of myocardial infarction or end organ damage, and stated that plaintiff's chest 'had been in good condition.' In addition, Dr. Tuttle submitted additional testimony as of September 7, 1983 indicating that there was no evidence of active pulmonary infiltrate, that plaintiff's x-rays indicated a normal heart size, and that plaintiff's lungs were clear. In light of the conflicting testimony from two of the plaintiff's treating physicians, the Council was certainly not required to give particular deference to the conclusions of just one of these doctors. Cf. Reynolds v. Secretary of Health & Human Services, 707 F.2d 927, 930 (6th Cir. 1983). Indeed, if deference were appropriate, it should have been given to the testimony of Dr. Tuttle, who had conducted clinical and diagnostic tests in support of his conclusions. Garner, 745 F.2d at 391 ('A medical report based upon clinical findings of a treating physician . . . must be given more consideration.').
 
 
 7
 Finally, plaintiff's claim that insufficient deference was given to the testimony of Dr. Sucui, a consulting physician, is equally without merit. Dr. Sucui examined plaintiff on only one occasion, and his opinion is not necessarily entitled to greater deference than that of Dr. Tuttle's. Harris, 756 F.2d at 437 ('The opinion of a treating physician is entitled to greater weight that that of a doctor who has seen the claimant only once.'). Moreover, Dr. Sucui's testimony is, at best, only marginally supportive of plaintiff's claim. In light of the substantial testimony upon which the Council could reasonably have relied in reaching its determination, the District Court in this case properly upheld the Appeal Council's decision.
 
 
 8
 Based upon the foregoing reasons, the judgment of the District Court is accordingly AFFIRMED.
 
 
 
 [1]
 Substantial evidence is comprised of 'such evidence as a reasonable mind might accept as adequate to support a conclusion.' Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed.2d 126 (1938)); see also Wages v. Secretary of Health & Human Services, 755 F.2d 495, 497 (6th Cir. 1985)