John **BOHR**, Plaintiff–Appellee,

v.

Otis R. **BOWEN**, M.D., Secretary of Health and Human Services, Defendant–Appellant.

No. 87–1544.

United States Court of Appeals, Sixth Circuit.

Argued April 8, 1988.

Decided June 9, 1988.

Sarah Ann Epstein, Asst. Regional Counsel, Office of Regional Counsel–HHS, Chicago, Ill., Linda E. Tucker (argued), Ellen Christensen, Asst. U.S. Atty., Detroit, Mich., for defendant-appellant.

Paul Wright, Romeo, Mich., Frederick S. Bluford (argued), Southfield, Mich., for plaintiff-appellee.

Before KEITH and NORRIS, Circuit Judges, and EDWARDS, Senior Circuit Judge.

GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.

This is yet another social security disability case. The medical evidence in relation to disability is somewhat in conflict. The Administrative Law Judge denied benefits reciting claimant's various disabilities but finding that he had sufficient residual capacity to do sedentary work and the Appeals Council affirmed this decision. On the other hand, the Magistrate to whom this case was assigned found the ALJ had utilized the "grid" improperly and he and the District Court held that benefits should be granted.

As we read the record, we hold that benefits should be granted because substantial evidence supports plaintiff's claim of a disability continuing for more than one year. The following facts are undisputed. In 1981 Bohr ruptured a disc and underwent a successful laminectomy. Three years later in 1984, he sustained another injury to his back which again was diagnosed as a herniated disc and he underwent another laminectomy. Since that time, he has had repeated complaints about numbness and pain in parts of his legs and arms and back pain which he described as a "spike sticking in my spine."

■ We believe that in this case, as in a prior case, *Hurt v. Secretary of Health and Human Services*, 816 F.2d 1141 (6th Cir.1987), the ALJ used the grid improperly in denying benefits. In *Hurt*, this court said:

Although there are a plethora of social security disability cases and appeals, there continues to be confusion concerning the application of the medical-vocational guidelines commonly known as the "grids." 20 C.F.R. § 404.1501, *et seq.* It is frequently stated that the grids *determine* disability or non-disability. This is misleading if not actually erroneous. As this court stated in *Kirk v. Secretary of*

*Health and Human Services,* 667 F.2d 524 (6th Cir.1981), *cert. denied,* 461 U.S. 957, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983):

When the claimant does indeed match one of the grid's patterns, then all the grid does is announce that substantial gainful work in the national economy is available for that particular individual; in other words, once a finding is made that the individual can do light work, for example, the grid operates to declare that light work is available.

667 F.2d at 535. Thus, the grids are a shortcut that eliminate the need for calling in vocational experts. They tell us nothing, however, about the degree of disability and what the residual functional capacity of an individual might be. Because of this very limited function of the grids, we held in *Kirk* that "if the characteristics of the claimant do not *identically* match the description in the grid, the grid is used only as a guide to disability determination." 667 F.2d at 528 (emphasis added). *Kirk* also teaches that "the grid specifically disclaims an ability to predict disability when nonexertional limitations are the focus of a claimant's impairment." *Id.* at 528. Lastly, *Kirk* commands "that the grid only applies if the individual is capable of performing a wide range of jobs at the designated level—i.e., sedentary, light or medium." *Id.* at 529.

*Id.* at 1142–43.

■ After careful study of this record, this court has concluded that the Magistrate and District Judge Julian Cook are correct in holding that Bohr had suffered injuries to his spine which rendered him unable to perform gainful employment for more than one year either in his prior occupation or any other identified in this record.

As we see this case, it is a close parallel to and is controlled by three Sixth Circuit cases: *Hurt,* 816 F.2d at 1143, *Wages v. Secretary of Health and Human Services,* 755 F.2d 495 (6th Cir.1985), and *Howse v. Heckler,* 782 F.2d 626 (6th Cir.1986).

ALAN E. NORRIS, Circuit Judge, dissenting.

I respectfully dissent. The medical evidence, that the claimant retained a residual functional capacity to perform work even though he was unable to perform his past relevant heavy work, was uncontroverted. There was substantial evidence to support the A.L.J.'s finding that claimant "has the residual functional capacity to perform sedentary work with a sit/stand option," and that he "has acquired work skills as enumerated hereinbefore by vocational testimony. Considering his residual functional capacity, these skills can be applied to meet the requirements of semi-skilled work functions of sit/stand work which exist in significant numbers in the local economy alone, as identified by vocational testimony."

In order to conclude, as did the magistrate, that the A.L.J. violated the holding of our opinion in *Wages v. Secretary of Health & Human Serv.,* 755 F.2d 495 (6th Cir.1985), and improperly relied upon the "grid," one would have to disregard the testimony of the vocational expert and the A.L.J.'s findings quoted above. When they are considered, it becomes apparent that the A.L.J.'s consideration of this claim satisfies our opinions in both *Wages* and *Howse v. Heckler,* 782 F.2d 626 (6th Cir. 1986). Nor did that consideration in any way run counter to the language quoted by the majority from *Hurt v. Secretary of Health & Human Serv.,* 816 F.2d 1141 (6th Cir.1987).

Accordingly, because the decision of the Secretary is supported by substantial evidence and is in accordance with law, I would reverse the district court.