Barbara BUTLER, Appellee,

v.

Otis R. BOWEN, M.D., Secretary of Health and Human Services, Appellant.

No. 88–1417.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 22, 1988.

Decided Jan. 6, 1989.

Yvonne M. Ernzen, Kansas City, Mo., for appellant.

Dewey L. Crepeau, Columbia, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

The Secretary of Health and Human Services appeals an order of the district court reversing the Secretary's decision that Barbara Butler is not disabled. For the following reasons we reverse and remand this case to the district court with instructions.

## I. BACKGROUND

Butler filed an application for social security benefits in August 1985. Butler's application was denied throughout the entire administrative process and she then sought judicial review of the Secretary's decision denying benefits. The district

court concluded that the Administrative Law Judge's (ALJ's) determination that Butler was capable of returning to her former work as a nurse's aid was not supported by substantial evidence. The district court specifically rejected the ALJ's determination that Butler's subjective complaints of pain were not credible. In reversing and remanding the case to the Secretary, the district court noted that "the burden will be upon the Secretary to show that [Butler] is capable of engaging in some other type of employment activity."

On remand, a supplemental hearing before a different ALJ was held in which Butler provided additional testimony. The Secretary, however, did not produce any vocational expert testimony at the supplemental hearing. The ALJ again determined that Butler was not disabled.

The Appeals Council adopted the ALJ's recommended decision with modifications, stating:

[T]he Appeals Council recognizes that once a finding is made that the claimant can no longer perform past relevant work, the burden shifts to the Secretary to establish what jobs the claimant can perform in the national economy.

\*    \*    \*    \*    \*    \*

With regard to the need of vocational expert testimony, the Council believes that the Secretary has satisfied the Court's requirement of identifying other jobs in the national economy by taking administrative notice of more than 200 separate unskilled occupations.

Once again Butler sought judicial review of the Secretary's decision. As stated by the district court in reviewing the Secretary's decision for the second time: "The issue before the Court is whether there is substantial evidence to support the Secretary's conclusions that, based on the medical-vocational guidelines, there are other jobs existing in the national economy which [Butler] can perform." The district court concluded that the Secretary erred in relying on the medical-vocational guidelines to establish that there are other jobs existing in the national economy which Butler can perform.

The district court granted Butler's motion for summary judgment and remanded the case to the Secretary for the sole purpose of awarding Butler benefits. The Secretary now appeals to this court.

## II.  DISCUSSION

■ In a social security case the claimant bears the initial burden of establishing that she is unable to engage in her past relevant work because of a medically determinable impairment. *Talbott v. Bowen*, 821 F.2d 511, 514 (8th Cir.1987). Once the claimant establishes the inability to engage in her past relevant work the burden shifts to the Secretary to prove that there exists work in the national economy that the claimant is capable of performing. *Lewis v. Heckler*, 808 F.2d 1293, 1297 (8th Cir. 1987).

In the present case Butler has established her inability to engage in her past relevant work as a nurse's aid. The district court so held, and we believe that its holding is based on substantial evidence. Thus, in its initial decision reversing the Secretary, the district court correctly noted that on remand the burden would be on the Secretary to prove that there was work in the national economy that Butler was capable of performing. The Secretary attempted to satisfy this burden by taking official notice of the medical-vocational guidelines.

■ We hold that the Secretary's reliance on the guidelines in this case is not supported by substantial evidence. The guidelines are properly used when a claimant's impairments are primarily exertional. *See, e.g., Tucker v. Heckler*, 776 F.2d 793, 795 (8th Cir.1985). When a claimant, such as Butler, suffers from a nonexertional impairment (low back pain and anxiety) that prevents her from engaging in the full range of activities contemplated under the guidelines then the Secretary may not rely on them to satisfy his burden. *Thompson v. Bowen*, 850 F.2d 346, 349–50 (8th Cir. 1988); *Talbott*, 821 F.2d at 515. In the instant case, the district court as much as put the Secretary on notice as to the need for vocational expert testimony. In its ini-

tial decision remanding this case to the Secretary the district court explicitly rejected the ALJ's credibility determination which discredited Butler's subjective complaints of pain. In fact the district court noted that it found "no evidence in the record that contradicts [Butler's] complaints of disabling pain." Thus, because the district court credited Butler's subjective complaints the Secretary should have recognized that reliance on the guidelines would not satisfy the burden of showing that there was work in the national economy that Butler was capable of performing.

■ We agree with the district court's holding that the Secretary's reliance on the guidelines is not supported by substantial evidence. We do not believe, however, that it was proper for the district court to remand the case to the Secretary for the sole purpose of awarding Butler benefits. Rather, we believe that the district court should have remanded this case back to the Secretary in order that the Secretary may be given the opportunity to introduce vocational expert testimony. Cf. Talbott, 821 F.2d at 514 ("Unless the case is one in which the outcome should be clear regardless of who bears the burden of proof, * * * we will remand for further proceedings * * *.") (citations omitted).

■ Nevertheless, we do not condone the Secretary's action in this case. When the Secretary becomes aware of the need to present vocational expert testimony it is not proper for the Secretary to ignore this need and instead rely on the guidelines, and after reversal by the district court, to argue on appeal that he should be given a second chance to present vocational expert testimony. This is the situation facing the court.

The Secretary first concluded that Butler was capable of returning to her former employment. The district court reversed the Secretary and at least hinted of the need for vocational expert testimony. The Secretary decided not to present a vocational expert and instead relied on the guidelines. After being reversed by the district court a second time, the Secretary argues that it should be allowed another chance to satisfy his burden by introducing a vocational expert. Such tactics, whether intentional or unintentional, create piecemeal litigation and are not favored by the courts.

Accordingly, the judgment of the district court is reversed and remanded to the district court with instructions to remand the case to the Secretary for further proceedings consistent with this opinion.

## III. CONCLUSION

We hold that the district court properly reversed the Secretary's decision to rely on the guidelines to establish that there was work in the national economy that Butler was capable of performing. Reliance on the guidelines in this case was improper because Butler suffered from nonexertional impairments that prevented her from engaging in the full range of exertional activity contemplated under the guidelines. Nevertheless, we reverse that portion of the district court's order that remands the case to the Secretary for the sole purpose of awarding benefits. We remand this case to the district court and instruct it to remand the case to the Secretary for further administrative proceedings. On remand the Secretary should produce vocational expert testimony in order to attempt to satisfy his burden in this case.