5 F.3d 535
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Alean CAMP, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 92-55202.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 6, 1993.*
Decided Aug. 18, 1993.
 
 Before BROWNING, FARRIS and KELLY**, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 Background
 
 2
 Plaintiff-appellant Alean Camp appeals the Secretary's denial of her claim for Supplemental Security Income benefits and Disability Insurance Benefits brought under Title II and Title XVI of the Social Security Act. Plaintiff is currently 55 years old with a third grade education and work experience as a hotel maid. She was involved in a bicycle accident on March 15, 1988 which severely fractured her ankle. She underwent surgery and was in a cast for four months, on crutches for an additional three months. She now claims that she is disabled due to pain in her leg and lower back.
 
 
 3
 Plaintiff was treated by an orthopedic surgeon, Dr. Louis Lurie. Dr. Lurie reported a normal healing process, with a satisfactory range of motion but some osteoporosis (loss of bone mass) near the injury. E.R. 33. Plaintiff is able to walk, but with a slight limp, and reports some discomfort. Dr. Lurie, however, expressed his opinion that Plaintiff was "totally disabled." E.R. 34.
 
 
 4
 In March 1989, Dr. Ernesto Fernandez conducted a consultive orthopedic exam of Plaintiff. Dr. Fernandez found normal ranges of movement and concluded that Plaintiff could perform light work with lifting up to twenty pounds and standing up to at least six hours. E.R. 35-38.
 
 
 5
 Plaintiff filed for benefits in August and September of 1988. Her claims were denied by administrative review and by an Administrative Law Judge (ALJ) in October 1989. The ALJ found that Claimant is not capable of performing her past relevant work, but has the residual functional capacity to perform the full range of light work and is not disabled. The district court affirmed the ALJ's findings, granting the Secretary's motion for summary judgment.
 
 Discussion
 1. Standard of Review
 
 6
 We review the district court's grant of summary judgment de novo. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir.1992). We will uphold the ALJ's decision to deny benefits if it is supported by substantial evidence and applies the correct legal standards. Drouin, 966 F.2d at 1257. Substantial evidence means " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Id. (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Where evidence exists to support more than one rational interpretation, we must defer to the decision of the ALJ. Drouin, 966 F.2d at 1258.
 
 II. Conflicting Medical Testimony
 
 7
 Plaintiff first argues that the Secretary erred in accepting the conclusion of the consulting physician over that of the treating physician. It is true that a treating physician's opinion is afforded greater weight. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989). "A treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Id. "The ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted. For example, the ALJ need not accept a treating physician's opinion which is 'brief and conclusionary in form with little in the way of clinical findings to support its conclusion.' " Magallanes, 881 F.2d at 751 (quoting Young v. Heckler, 803 F.2d 963, 968 (9th Cir.1986) (citations omitted)). Here, the treating physician's opinion was both contradicted by the consulting physician and brief and conclusory.[1] Furthermore, where, as here, the ALJ relies on independent clinical findings by the consulting physician, the ALJ is not required to set forth specific reasons for disregarding the treating physician's opinion. Magallanes, 881 F.2d at 751. The opinion of Dr. Fernandez, based on an independent examination, provides substantial evidence to support the ALJ's decision to reject Dr. Lurie's opinion.
 
 III. Plaintiff is Capable of Light Work
 
 8
 The initial burden of proving disability is on the claimant. Once the claimant proves that she cannot return to her former work, the Secretary must show that there are jobs in the national economy that claimant can perform. Gonzales v. Sullivan, 914 F.2d 1197, 1202 (9th Cir.1990). The ALJ found that Plaintiff was unable to perform her former job as a maid, but was capable of a wide range of light work.
 
 
 9
 Plaintiff argues that Dr. Fernandez' report is not substantial evidence because she cannot stand or walk for six hours a day, as required for light duty. As stated in the preceding section, Dr. Fernandez' report was sufficient to support the ALJ's finding.
 
 
 10
 Plaintiff next argues that the Secretary should have produced a vocational expert to identify specific jobs. Plaintiff admits, though, that a vocational expert is unnecessary if the claimant can perform a wide range of light work. See Heckler v. Campbell, 461 U.S. 458, 465-69 (1983). Plaintiff contends that since she is incapable of skilled labor she cannot perform a wide range of light work. Such is not the case. The Secretary's medical-vocational guidelines take notice of 1,600 light and sedentary unskilled positions. 20 C.F.R. 404, App. 2, Sec. 202.00(a). The fact that she is unskilled does not require the Secretary to produce a vocational expert. See Butler v. Bowen, 865 F.2d 173, 174 (8th Cir.1989) (use of the guidelines is appropriate, and a vocational expert unnecessary, when a claimant's impairments are primarily exertional).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Paul J. Kelly, Jr., Circuit Judge for the United States Court of Appeals for the Tenth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Dr. Lurie's opinion consisted of the following letter:
 To Whom It May Concern:
 RE: Alean Camp
 Due to the comminuted complex fracture, distal tibia, fibula with marked displacement and comminution. She had a most severe and significant injury to her distal tibia, essentially a pilon fracture. It is my opinion that she is totally disabled at this time, and this will be permanent.
 /s/
 E.R. 34. Further, Dr. Lurie did not evaluate the Plaintiff for the purpose of Social Security benefits.