41 F.3d 1506
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Herbert DIAMOND, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-3363.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1994.
 
 1
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges, and ZATKOFF, District Judge.*
 
 ORDER
 
 2
 Herbert Diamond, a social security claimant represented by counsel, appeals a district court judgment affirming the Secretary's denial of social security disability insurance benefits. Both parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Diamond filed his current application for disability insurance benefits on April 5, 1990, alleging a disability since April 13, 1989, due to a lumbosacral herniated disc. An administrative law judge (ALJ) determined that Diamond had the residual functional capacity (RFC) to:
 
 
 4
 "perform the physical exertion and non-exertional requirements of work except for work involving more than 10 pounds at a time, more than occasional lifting and carrying of articles such as docket files, ledgers, and small tools, work which does not primarily involve sitting, or work which involves more than routine stress, repetitive tasks."
 
 
 5
 The ALJ further found that Diamond's RFC for sedentary work was not significantly compromised by any non-exertional limitations. Using the medical-vocational guidelines (grids) and Rule 201.24 of Appendix 2, the ALJ found that Diamond could perform a significant number of jobs in the national economy and was not disabled. The Appeals Council denied Diamond's request for review.
 
 
 6
 Diamond then sought judicial review of the Secretary's decision. A magistrate judge concluded that the ALJ's RFC assessment was not supported by substantial evidence. The magistrate judge indicated that because the ALJ found that Diamond could not perform a job which primarily involved sitting, Diamond was unable to perform even a full range of sedentary work. The magistrate judge recommended that the court reverse the Secretary's decision and remand the case for the payment of benefits. Upon de novo review in light of both parties' responses, the district court judge did not accept the magistrate judge's recommendation and affirmed the Secretary's decision denying disability benefits.
 
 
 7
 Diamond has filed a timely appeal in which he argues that the Secretary's decision is not supported by substantial evidence because: 1) the ALJ erred in assessing Diamond's complaints of pain, and 2) the ALJ erred in finding that Diamond could perform a full range of sedentary work.
 
 
 8
 Upon review, we conclude that the Secretary's decision denying disability benefits is not supported by substantial evidence. See Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). Dr. Hoke, Diamond's treating physician, completed an RFC assessment which indicates that Diamond suffers from numerous and severe non-exertional limitations. Because Dr. Hoke's opinion is supported by objective evidence, his opinion is entitled to deference. See Bogle v. Sullivan, 998 F.2d 342, 347-48 (6th Cir.1993). Dr. Goldberg, a consultative examiner, also noted several non-exertional limitations stemming from Diamond's dysthymia. These non-exertional limitations would significantly compromise Diamond's ability to perform a full range of sedentary work.
 
 
 9
 In this case, the ALJ erred in only using the grids to make a determination of disability because the grids are not fully applicable as Diamond suffers from significant non-exertional limitations. See Damron v. Secretary of Health and Human Servs., 778 F.2d 279, 282 (6th Cir.1985). The ALJ's sole reliance on the grids was also improper because the evidence suggests that Diamond is incapable of performing a full range of sedentary work. See Howse v. Heckler, 782 F.2d 626, 627-28 (6th Cir.1986) (per curiam).
 
 
 10
 Accordingly, we vacate the district court's judgment with instructions to remand the case to the Secretary for further proceedings. The Secretary should obtain vocational expert testimony in order to determine whether Diamond's exertional and non-exertional limitations preclude him from performing a significant number of jobs which exist in the national economy.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation