Roxanne **FIELD**, Plaintiff,

v.

**Shirley S. CHATER, Commissioner of Social Security,[1] Defendant.**

**Civil No. 94–407–P–H.**

United States District Court, D. Maine.

July 10, 1995.

---

**1.** Donna E. Shalala, Secretary of Health and Human Services, was originally named as the defendant in this matter. On March 31, 1995 the Social Security Administration ceased to be part of the Department of Health and Human Services and became an independent executive branch agency. *See* Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103–296, 108 Stat. 1464, §§ 101, 110(a). Concerning suits pending as of that date against officers of the Department of Health and Human Services, sued in an official capacity, Congress has authorized the substitution of parties as necessary to give effect to the change. Such substitution is so ordered here and I will therefore refer to all determinations made by the Social Security Administration in this case as those of the Commissioner.

Daniel W. Emery, Yarmouth, Maine, for Plaintiff.

Evan Roth, Asst. U.S. Atty., Portland, Maine, Thomas D. Ramsey, Boston, MA, for Defendant.

### REPORT AND RECOMMENDED DECISION[2]

DAVID M. COHEN, United States Magistrate Judge.

This Social Security Supplemental Security Income ("SSI") and Social Security Disability ("SSD") appeal comes before the court in an unusual posture. The parties agree that the Commissioner has failed, at Step Five of the sequential evaluation process, see 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5 (1st Cir.1982), to meet her burden in proving that the plaintiff is capable of performing jobs that exist in significant numbers in the national economy, which would justify a finding that the plaintiff is not disabled for purposes of eligibility for the requested benefits. Where the parties are in sharp disagreement is over the appropriate next step in light of the Commissioner's failure to meet her burden. The Commissioner urges the court to remand the action for further administrative proceedings. The plaintiff asks the court to remand the case with instructions to award her the requested benefits. I recommend that the court grant the relief sought by the plaintiff.

The record reflects that the plaintiff met her burden in establishing a prima facie case of disability pursuant to the sequential evaluation process, demonstrating that she is not engaging in substantial gainful activity (Step 1), that she suffers from a severe impairment

---

**2.** This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 26, which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the Commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Each party has thoroughly briefed her respective position on the narrow issue before the court. Therefore, I conclude that the oral argument normally conducted pursuant to Local Rule 26(b) is not necessary.

(back strain) (Step 2), and that her impairment prevents her from performing her past relevant work (Step 4).[3] *See* Findings 2, 3, and 6 at Record pp. 20–21. The burden shifted at Step 5 to the Commissioner, who was required to adduce evidence that there is a significant number of jobs in the national economy capable of being performed by the plaintiff. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 2294 n. 5, 96 L.Ed.2d 119 (1987); *Goodermote,* 690 F.2d at 7.

The administrative law judge found that the plaintiff retained the residual functional capacity for sedentary work, reduced by an inability to climb and to bend or twist in a repetitive manner, and by her need to alternate sitting with standing or walking every hour. Finding 7, Record p. 21. Using the Medical Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 (the "Grid"), as a framework for decisionmaking, and after taking the testimony of a vocational expert, the administrative law judge concluded that the plaintiff was not disabled. *See* Findings 11–12, Record p. 21. The judge found that the plaintiff had transferable work skills, *see* Finding 10, Record p. 21, in light of the vocational expert's testimony that the plaintiff is capable of performing jobs that are all unskilled or semi-skilled in nature. However, the vocational expert provided no testimony that any work skills acquired by the plaintiff are transferable. Although both the administrative law judge and the Appeals Council held to the contrary, the Commissioner now concedes that the lack of evidence as to transferable work skills deprives her Step 5 finding of the requisite basis in the record.

The plaintiff relies on *Allen v. Bowen,* 881 F.2d 37 (3d Cir.1989), to argue that the court should remand with directions to award benefits rather than permit the Commissioner to supplement the vocational evidence of record. In *Allen,* there was testimony from a vocational expert that the claimant had transferable work skills. *Id.* at 42. However, when asked by the administrative law judge if there were jobs in the national economy the claimant could perform, the expert identified only unskilled positions. *Id.* The Third Circuit concluded that the Secretary of Health and Human Services had not met his burden at Step 5, reasoning that "if the only jobs that a claimant can presently perform are of an unskilled nature, then any skills he or she may have obtained in prior employment are not transferable." *Id.* at 43. The court refused to assume there were skilled or semi-skilled jobs available to the claimant when the vocational expert named only unskilled positions when asked about jobs that existed for the claimant. *Id.*

The Secretary argued for a remand for further factfinding, urging that he could adduce testimony that there were jobs in the national economy, not mentioned by the vocational expert, that the claimant was nevertheless capable of performing. *Id.* The court resoundingly rejected such a suggestion, *viz:*

> The Secretary was given full opportunity to develop the administrative record in this case. The fact that the expert the Secretary hired either made a mistake or testified in a manner it now regrets does not alter our conclusion. Where as here the claimant established a *prima facie* case of entitlement, the record was fully developed, and there is no good cause for the Secretary's failure to adduce all the relevant evidence in the prior proceeding, we see no reason to remand for further fact finding.

*Id.* at 44; *accord Distasio v. Shalala,* 47 F.3d 348, 350 (9th Cir.1995); *Nielson v. Sullivan,* 992 F.2d 1118, 1122 (10th Cir.1993); *Howse v. Heckler,* 782 F.2d 626, 628 (6th Cir.1986); *Carroll v. Secretary of Health & Human Servs.,* 705 F.2d 638, 643–44 (2d Cir.1983).

■ Although the plaintiff contends that this court confronts precisely the same problem as that presented in *Allen,* there is one important distinction. In *Allen,* assuming the lack of transferable work skills, application of the Grid directed a conclusion that the

---

**3.** Step 3 permits the Commissioner to find a claimant disabled if her impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P, 20 C.F.R. § 404 (the "Listings").

The plaintiff does not challenge the Commissioner's finding that her impairments do not meet or equal any in the Listings. *See* Finding 3, Record p. 21.

claimant was disabled because of his advanced age. *Id.* at 43. The existence of transferable work skills directed the opposite conclusion. *See* Grid Rule 201.11. Here, the plaintiff is a "younger individual" between the ages of 18 and 44 with a high school diploma. *See* Findings 8–9, Record p. 21. Thus, the Grid dictates a conclusion of "not disabled" regardless of the existence of transferable work skills. *See* Grid Rules 201.27, 201.28 and 201.29. I mention this because, the broad pronouncement in *Allen* notwithstanding, there is some support in the case law that courts should exercise their authority to order an award of SSD or SSI benefits with caution, and thus in some circumstances give the Commissioner what was denied in *Allen, i.e.* a second chance to prove her case. *See Thompson v. Sullivan,* 957 F.2d 611, 614 (8th Cir.1992) (reversal of Secretary appropriate where record "overwhelmingly" supported disability finding and remand would "merely delay" receipt of benefits); *Terry v. Sullivan,* 903 F.2d 1273, 1280 (9th Cir.1990) (claimant was 64 years old and had been seeking benefits for four years; further delays would be "unduly burdensome" and it was "very doubtful" Secretary could meet his burden on remand); *Butler v. Bowen,* 865 F.2d 173, 175 (8th Cir.1989) (remand for further factfinding appropriate unless outcome is clear regardless of who bears burden of proof); *Harris v. Secretary of Health & Human Servs.,* 821 F.2d 541, 543 (10th Cir.1987) (remand for additional factfinding inappropriate "because there is enough evidence in the record of claimant's inability to perform either a full range of either light or sedentary work to negate the usefulness of any additional proceedings"). Although the court may not turn to the Grid here, as the Third Circuit did in *Allen,* for reassurance that further proceedings would be futile, I conclude that the general principle articulated in *Allen* is nevertheless appli-

cable: When the Commissioner had a full and fair opportunity to develop the record and meet her burden at Step 5, there is no reason for the court to remand for further factfinding.

It appears that the First Circuit has not expressed itself on the question of when the court should exercise its authority to remand for an award of benefits, rather than for further factfinding, if the Commissioner has failed ·to meet her burden at Step 5. In a recent case, *Rose v. Shalala,* 34 F.3d 13 (1st Cir.1994), the court held that an administrative law judge erroneously relied on the Grid and on the testimony of a vocational expert to reach a finding of "not disabled," where the medical evidence of chronic fatigue syndrome made the Grid inapplicable and the existence of chronic fatigue syndrome was not posited to the vocational expert. *Id.* at 19. The court remanded for further findings, *id.,* but there is no indication that the claimant sought any other result. And the flaw at the administrative level in *Rose* differs significantly from that in the present case, where the problem is not the administrative law judge's failure to give proper credit to uncontradicted evidence of record but rather the more fundamental problem of insufficient evidence on an issue for which the Commissioner carries the burden.[4]

I believe that it is an overstatement to assert, as the Commissioner does here, that the court may direct an award of benefits "only where uncontroverted evidence of record establishes that a claimant is disabled within the meaning of the [Social Security] Act and there is no need for further proceedings." *See* Defendant's Supplemental Memorandum in Support of Motion for Judgment Reversing and Remanding for Rehearing (Docket No. 5) at 5. None of the published cases cited by the Commissioner stand for such a broad proposition.[5] For example, in

---

4. The present case can similarly be distinguished from the Eighth Circuit's holding in *Butler.* In that case, the Secretary erroneously relied on the Grid to reach a finding of "not disabled" because the claimant suffered from nonexertional impairments. *Butler,* 865 F.2d at 174. The district court directed an award of benefits, but the Eighth Circuit concluded that remand was appropriate to permit the Secretary to introduce vocational expert testimony. *Id.* at 175. Here,

the Commissioner has already availed herself of such an opportunity but failed to meet her burden.

5. The Commissioner also cites, and provides copies of, two unpublished First Circuit opinions. Local Rule 36.2(b)(6) of the First Circuit explicitly limits citation of its case law to published opinions, providing that an unpublished opinion may be cited only in a related case. The rule is

*Martinez Nater v. Secretary of Health & Human Servs.*, 933 F.2d 76 (1st Cir.1991), the court did not direct an award of benefits in a case where the evidence appeared to demonstrate at Step 3 that the claimant had an impairment that equalled one of the impairments in the Listings. *See id.* at 79. The First Circuit remanded, advising the administrative law judge "to justify his ruling in greater detail," either with specific factual findings or conclusions of law relating to the issue of equivalence. *Id.; cf. Suarez v. Secretary of Health & Human Servs.*, 740 F.2d 1 (1st Cir.1984) (no need for further proceedings where claimant demonstrated equivalence with listed impairment); *Kelley v. Bowen*, 687 F.Supp. 704, 708 (D.Mass.1988) (to same effect). It is the claimant's burden to demonstrate equivalence. *Dudley v. Secretary of Health & Human Servs.*, 816 F.2d 792, 793 (1st Cir.1987). As the plaintiff points out, the result that is appropriate when a claimant fails to meet her burden (or, more precisely in *Martinez Nater*, when the court is uncertain whether a claimant has met her burden) is not necessarily the result that is required when the Commissioner does not meet hers.

■ Recourse to first principles is in order. The Social Security Act authorizes the court to enter a judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42

U.S.C. § 405(g). The court may "at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Id.* As the Second Circuit noted more than a decade ago in *Carroll*, Congress added this language to the Social Security Act in 1980 as a "mandate to foreshorten the often painfully slow process by which disability determinations are made." *Carroll*, 705 F.2d at 644. There is simply no cause for the Commissioner's failure to adduce appropriate testimony from the vocational expert as to the transferability of the plaintiff's work skills. Accordingly, I agree with the plaintiff that the Commissioner's request for a remand "is no more than a request for a second bite at the apple," well over two years after she filed her initial request for benefits, and that to remand in these circumstances would be to countenance the notion that the Commissioner may have as many chances as she needs, *ad infinitum*, to meet her burden at Step 5. *See* Objection to Defendant's Motion for Reversal and Remand and Incorporated Memorandum of Law (Docket No. 6) at 6–7. Such a possibility cannot be what Congress envisioned in light of the quoted language from section 405(g). A claimant who seeks disability benefits from the Social Security Administration, and then does all that is expected of

applicable to litigation in this court. *Bachelder v. Communications Satellite Corp.*, 837 F.2d 519, 523 n. 5 (1st Cir.1988); *Merrill Lynch, Pierce, Fenner & Smith v. Bishop*, 839 F.Supp. 68, 73 n. 3 (D.Me.1993). A basis for this principle is that unpublished opinions "usually fail to disclose fully the rationale of the court's decision." *Bachelder*, 837 F.2d at 523 n. 5. Moreover, the First Circuit has made clear that most of its opinions in Social Security benefits cases will "clearly" be inappropriate for publication. 1st Cir.Loc.R. 36.2(a).

The two unpublished cases cited by the Commissioner illustrate the principle at work. In one, the administrative law judge applied the Grid and found the claimant not disabled, improperly ignoring medical evidence that made the Grid inapplicable. In the other, the hypothetical posed by the administrative law judge to the vocational expert did not adequately reflect the claimant's nonexertional impairments. In both cases, the First Circuit directed a remand to the Secretary without instructions to award ben-

efits. It is possible to distinguish these two opinions from the instant case, in which the court confronts not a mistaken interpretation of the record evidence by the administrative law judge but the failure of the Commissioner to provide evidence to support a finding of no disability. But of greater significance is the absence of any discussion in these unpublished opinions of why an award of benefits was not appropriate, or even whether the plaintiffs sought such a remedy. I am confident that if the First Circuit had intended these cases to illuminate in any way the law governing when the court may direct an award of benefits, it would have both included an explicit discussion of the issue and published the opinions. Accordingly, without relying on the unpublished cases cited by the Secretary, I draw comfort from the fact that they are not at variance with my recommendations. *See United Transp. Union v. Springfield Terminal Co.*, 869 F.Supp. 42, 48 n. 6 (D.Me.1994) (court may "draw[ ] comfort" from unpublished opinions).

her pursuant to the sequential evaluation process, deserves an answer from the system. In circumstances where the claimant has made out a prima facie case for benefits and the Commissioner's vocational expert does not present the required evidence of the claimant's ability to perform work that exists in the national economy, the appropriate relief is an award of benefits absent some good cause for the evidentiary gap.

Accordingly, I recommend that the Commissioner's decision be **VACATED** and the cause **REMANDED** with directions to award benefits to the plaintiff.