**E.L. HARRIS, Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.**

No. 85–2898.

United States Court of Appeals, Tenth Circuit.

June 26, 1987.

Gary J. Martone, Albuquerque, N.M., for plaintiff-appellant.

Edwin L. Meese, U.S. Atty. Gen., Washington, D.C., William L. Lutz, U.S. Atty., D.N.M., Gayla Fuller, Chief Counsel, Region VI, Patrick A. Hudson, Principal Regional Counsel, Social Security Disability Litigation Branch, and Karen J. Behner, Asst. Regional Counsel, U.S. Dept. of Health and Human Services, Dallas, Tex., for defendant-appellee.

Before BARRETT and ANDERSON, Circuit Judges, THOMPSON, District Judge.[*]

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed R.App.P. 34(a); 10th Cir.R. 34.1.8(c) and 27.1.2. The cause is therefore ordered submitted without oral argument.

Claimant E.L. Harris appeals from the denial of his claim for Social Security disability benefits. He applied for such benefits in September 1982, claiming that a painful, injured back prevented him from working. At the time, he was forty-nine years old and had a seventh grade education. He had worked for approximately thirty years as an oil field "roughneck." His job required heavy lifting and carrying of pipes and equipment. An on-the-job injury led to a disc operation in September 1980. The claimant was able to return to work approximately ten months later but was able to remain less than two months before requiring a second operation to fuse the L-4 and S-1 vertebrae on his spine. In August 1982, after a eleven-month convalescence, the claimant's doctor again released him to return to work. After approximately two weeks in the oilfields, he was hospitalized because of acute back strain. X-rays of the lumbar spine revealed a moderate amount of spondyloarthrosis along with some arthritis on the lower lumbar and lumbosacral facets. The claimant filed for disability insurance benefits at this time. Although further surgery was not anticipated, the claimant's condition continued to deteriorate. Dr. Robert P. Hayes, the orthopedic surgeon who treated him from 1980 on, reported that the claimant had become totally and permanently disabled from any type of work. Dr. Hayes reported that the claimant suffered from a marked limitation of range of motion, pain on flexion and extension, bilateral muscle spasms upon walking and standing, diminished reflexes, and muscular weakness—all supported by physical examinations, laboratory tests, and clinical observations of the results of claimant's treatment. Claimant testified that he suffered from almost constant pain, including neck pain and pain radiating to his legs. He reported that he experienced the pain while both sitting and standing and that he also had difficulty sleeping and getting out of bed in the morning, in spite of his pain medication. Dr. Hayes indicated that the claimant could do no lifting, no climbing, no prolonged riding, standing, or sitting. In a letter filed after the conclusion of the ALJ hearing, Dr. Hayes opined that the claimant's medical impairment met the definition of a disabling spinal impairment listed in the Social Security Regulations at § 1.05 of 20 C.F.R. § 404, subpt. P, app. 1.

An administrative law judge (ALJ) denied Harris' disability claim. Although recognizing that the claimant could not return to his former employment, the ALJ nonetheless found that the claimant retained the residual functional capacity for light work. Although crediting the claimant's pain to the extent that it precluded

---

[*] Honorable Ralph G. Thompson, Chief Judge, Western District of Oklahoma, sitting by designation.

any heavy lifting or prolonged standing or walking, the ALJ found *no* nonexertional limitations restricting the claimant's ability to perform a full range of light work. Apparently, because the claimant had made a good recovery initially from his spinal fusion operation and because x-rays, a neurological exam, and a CAT scan did not fully explain the level of claimant's pain, the ALJ discounted the medical opinions supporting the claimant's testimony of the severity of that pain. The Appeals Council affirmed the ALJ decision. Harris then filed an action in federal district court for review of the administrative actions. The district court upheld the ALJ's decision, discounting the medical evidence of claimant's difficulty in motion, flexion, and extension and upholding the finding that the claimant's pain was not disabling.

The claimant appeals the decision of the district court. Because we find that the ALJ lacked substantial evidence to support his determination that the claimant had the residual functional capacity to perform a full range of light work, we reverse and remand for an award of benefits. We do not remand for additional fact-finding because there is enough evidence in the record of claimant's inability to perform a full range of either light or sedentary work to negate the usefulness of any additional proceedings.

## I.

The regulations that guide disability insurance determinations set forth a five-step sequential process for evaluating disability. The dispute in this case concentrates on steps three and five. Neither party disputes the step-one finding that the claimant is not substantially gainfully employed, nor the step-two finding that he has a severe impairment, nor the step-four finding that he cannot return to his former substantial gainful employment.

On appeal the claimant contends that at step three the ALJ should have determined that the claimant's back impairment is the same as or medically equivalent to an impairment described in the "Listing of Impairments," 20 C.F.R. § 404, subpt. P, app.

1, and thus that he is *per se* disabled, 20 C.F.R. § 404.1520(d). He also contends that at step five the ALJ's determination that the claimant has the residual functional capacity to perform other work in the national economy is not supported by substantial evidence. As the claimant correctly points out, the standard of review of the ALJ's factual findings is that they must be supported by substantial evidence. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). Finally, the claimant argues that his nonexertional limitations, particularly his pain, precluded mechanical application of the medical-vocational guidelines ("grids") to determine that he was not disabled. *See* 20 C.F.R. § 404, subpt. P, app. 2.

## II.

■ The claimant's first argument that he is *per se* disabled fails. The ALJ correctly found that the claimant does not suffer from the type of impairment of the spine that is described at § 1.05(C) in Appendix 1 of 20 C.F.R. § 404, subpt. P. To qualify as disabled under § 1.05(C), the claimant must suffer from a vertebrogenic disorder with both (1) pain, muscle spasm, and significant limitation of motion in the spine, and (2) appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss. Although the record discloses most of these characteristics, it does not reveal a medical finding that the claimant has experienced sensory loss. Although by the spring of 1983, the claimant was reporting some numbness in both legs and burning and tenderness sensations in his lower back, Dr. Hayes does not attempt to corroborate any sensory loss. The doctor's bare statement in his letter of March 14, 1984 that the claimant has a § 1.05 impairment does not meet the level of evidence required to prove the existence of such an impairment. *See* 20 C.F.R. §§ 404.1527, 404, subpt. P., app. 1, § 1.00(B). We, therefore, turn to the claimant's next argument.

### III.

■ We agree with the claimant that the record does not contain substantial evidence to support the ALJ's finding that the claimant has the residual functional capacity for light work. Light work, as defined in the regulations, 20 C.F.R. § 404.1567(b), requires occasional lifting of up to twenty pounds and frequent lifting of up to ten pounds. The claimant's doctor repeatedly advised that, by the time of the ALJ hearing, the claimant could do *no* lifting. Furthermore, the medical reports reveal limited range of motion, muscle spasms, muscle weakness, diminished reflexes, and pain, all of which support his opinion. Laboratory reports showing spondyloarthrosis, arthritis in the lumbar and lumbosacral facet joints, and some narrowing of the [spinal] canal also support the opinion. The claimant's normal neurological report does not negate the reality of his other back problems but merely limits them to non-nerve related damage. A medical opinion based on objective tests results, an evaluation of the patient's medical history, physician observations of the patient, and physician evaluation of the patient's subjective complaints of pain, as is the case here, "is medical evidence supporting a claim of disabling pain, even if the objective test results, taken alone do not fully substantiate the claim." *Nieto v. Heckler*, 750 F.2d 59, 61–62 (10th Cir.1984). Here, the medical opinion of disability is not based on pain alone but is also based on actual loss of strength and flexibility in the back and legs. It constitutes substantial evidence of the inability to perform other work in the national economy on any kind of regular and sustained basis.

The ALJ was not justified in discounting the views of the treating physician as to the claimant's deteriorating condition and instead relying on the treating physician's earlier expectation that the claimant would be able to return to work that did not require heavy lifting. The record discloses that after the fusion operation, post-recuperation onset of acute back strain followed by a new injury, both requiring hospitalization and producing a poor recovery, altered Dr. Hayes' opinion of claimant's employment prognosis, yet the ALJ continued to rely on the old prognosis. Such reliance in the face of continuing and supportable evidence of severe back impairment was not justified. Nor was the ALJ's acceptance of Dr. Hayes' opinion that the claimant could do no prolonged standing or walking while rejecting his opinion that the claimant could do no lifting. *Cf. Jozefowicz v. Heckler*, 811 F.2d 1352, 1358–59 (10th Cir.1987) (good cause, including specific, legitimate reasons required for rejecting part while accepting other part of treating physicians' medical opinions).

■ The only other evidence that the claimant could do any lifting was provided by two doctors who never examined the claimant and who were employed by the Social Security Administration as "reviewers" of claimants' records. As is by now well established in this Circuit, the conclusory opinions of reviewing doctors cannot outweigh credible evidence provided by the claimant's treating physician. *See Turner v. Heckler*, 754 F.2d 326, 329 (10th Cir. 1985); *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir.1984); *Allison v. Heckler*, 711 F.2d 145, 147–48 (10th Cir.1983).

Furthermore, the Secretary did not introduce any evidence to prove that the claimant can do sedentary work, as that term is defined in the regulations. 20 C.F.R. § 404.1567(a). In contrast, there is credible evidence from both the claimant and his treating physician that the claimant cannot sit for any length of time. We also note that the claimant's difficulty sitting was observed and commented on by two Social Security claims reviewers.

■ The burden was on the Secretary to produce evidence that the claimant could perform work other than that which he had performed before suffering impairments. *Talbot v. Heckler*, 814 F.2d 1456, 1460 (10th Cir.1987); *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir.1984). In affirming the ALJ's decision, the district court appeared not to recognize that the burden had shifted to the Secretary. Where the burden is not met, reversal is appropriate.

*Talbot v. Heckler,* 814 F.2d at 1466.[1] In reversing, we may either choose to reverse outright or to remand for additional fact-finding. *Frey v. Bowen,* 816 F.2d 508, 518 (10th Cir.1987); *Dixon v. Heckler,* 811 F.2d 506 (10th Cir.1987). In *Channel,* the case was remanded for additional proceedings. In *Talbot,* reversal with remand for award of benefits was deemed appropriate. As the *Talbot* opinion discloses, two reasons supported the decision not to remand for additional fact-finding: (1) not only did the Secretary fail to meet his burden of showing that the claimant could perform the full range of light work but there was substantial evidence in the record to the contrary, and (2) inability to perform a full range of light work dictated a determination that the claimant was disabled. In other words, on the record in that case, additional fact-finding would have served no useful purpose.

Here, as in *Talbot,* the Secretary did not meet his burden of showing that the claimant could perform light work that existed in the national economy. Also, as in *Talbot,* there is substantial record evidence that the claimant could not so perform. Furthermore, here, there is substantial evidence that the claimant's impairments also precluded sedentary work. Had there been insufficient evidence one way or the other as to the claimant's residual functional capacity for sedentary work, we might have been inclined to reverse and remand for additional fact-finding on this point. However, given the available evidence, remand for additional fact-finding would serve no useful purpose but would merely delay the receipt of benefits.[2] Therefore, reversal and remand for an award of benefits is appropriate. *See Talbot v. Heckler,* 814 F.2d at 1466.

## IV.

We need not address the issue of whether the ALJ was right to apply the grids despite the existence of nonexertional impairments, i.e., pain. As already noted, this case presents the more fundamental issue of whether there was substantial evidence to support the ALJ's finding that the claimant had the exertional capacity to perform a full range of light work. Since we have concluded that the claimant lacked the exertional capacity to perform light or sedentary work, there is no need to consider whether nonexertional impairments also imposed limitations on that same capacity. *Talbot v. Heckler,* 814 F.2d at 1461.[3]

## CONCLUSION

The judgment of the United States District Court for the District of New Mexico is REVERSED and the cause is REMANDED to the district court to return the matter to the Secretary with instructions to award disability benefits to the claimant.

The mandate shall issue forthwith.

1. We note that *Talbot* does not stand for the proposition that, where the Secretary does not meet his burden at step five of the disability determination process, an automatic reversal and remand for award of benefits rather than a remand for additional fact-finding is called for. As *Talbot* itself acknowledges in footnote 6, "a remand for additional proceedings would be appropriate where an ALJ made no findings as to nonexertional impairments or where minimal findings were not supported by adequate evaluation of the evidence in the record." 814 F.2d at 1465. Both of these situations arise at step five and have resulted in remands, as noted in the *Talbot* footnote.

2. Two other of our recent cases have also reversed the Secretary rather than remanding for additional proceedings. *See Dixon v. Heckler,* 811 F.2d 506 (10th Cir.1987) (Secretary failed to meet burden at step five to show that claimant was literate, affirmative evidence of claimant's illiteracy appeared in the record, and further administrative proceedings would only further delay the award of benefits); *Frey v. Bowen,* 816 F.2d 508 (10th Cir.1987) (Secretary failed to meet burden at step five, erroneously rejected treating physicians' testimony and reports, and claimant had been trying to obtain benefits for six years).

3. Although there is no need to fully address the ALJ's application of the grids, we note that the ALJ discounted substantial evidence of continuous pain affecting the claimant's ability to lift any weight or do any prolonged sitting, standing, or walking. His finding that the claimant had no nonexertional limitations on his ability to perform light work is, therefore, suspect.