999 F.2d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Loretta A. GARRISON, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 92-5251.
 United States Court of Appeals, Tenth Circuit.
 July 15, 1993.
 
 Before LOGAN and BRORBY, Circuit Judges, and BRIMMER,* District Judge.
 ORDER AND JUDGMENT**
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Loretta A. Garrison appeals from a district court judgment affirming the Secretary of Health and Human Services' denial of her application for disability insurance benefits. Following a de novo review, the district court adopted, and noted its agreement with, the report and recommendation which the magistrate judge submitted. In this appeal, plaintiff maintains the Administrative Law Judge erred in his development and review of this case. Specifically, she argues the ALJ did not base his decision on substantial evidence, and that he used an improper hypothetical question to elicit testimony from the vocational expert.
 
 
 3
 Plaintiff's substantial evidence argument entails three separate challenges. First, she maintains the ALJ should have developed her case further because her attorney did not adequately represent her. Second, she argues the ALJ improperly rejected a treating physician opinion, and finally, she contends the ALJ did not follow circuit precedent in evaluating the effect pain has on her ability to work.
 
 
 4
 Plaintiff's challenge to the hypothetical is premised on the ALJ's alleged failure to pose a proper question to the vocational expert. She maintains the ALJ's hypothetical was improper because it did not accurately reflect the severity of her pain and did not include all relevant impairments. She argues further that the law in this circuit is "unsettled" and that this court "does not understand the procedures involved in the use of vocational expert witnesses." Appellant's Br. at 20, 22. We strongly disagree on both points. See Hargis v. Sullivan, 945 F.2d 1482, 1491-92 (10th Cir.1991) (outlining proper procedures for use of hypothetical questions).
 
 
 5
 We have carefully reviewed the record, as well as both parties' briefs, and the applicable law. We agree with the analysis set forth in the decision of the district court, which adopts the report and recommendation of the magistrate judge. Copies of those documents are attached to this order and judgment. We affirm the judgment for substantially the same reasons as are set forth in the district court decision adopting the magistrate judge's report and recommendation.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT FOR THE
 NORTHERN DISTRICT OF OKLAHOMA
 
 6
 Loretta A. Garrison, Plaintiff,
 
 
 7
 vs.
 
 
 8
 Louis W. Sullivan, M.D., Secretary of Health and Human
 
 
 9
 Services, Defendant,
 
 
 10
 No. 91-C-501-B.
 
 
 11
 June 30, 1992.
 
 
 12
 REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
 
 
 13
 Plaintiff Loretta A. Garrison is appealing the Secretary's decision that denied her Social Security disability benefits. Garrison filed her application for benefits on June 14, 1989, claiming she was unable to work since August 12, 1988. The Secretary initially denied the application on September 20, 1989 and on reconsideration again on January 25, 1990. A request for a hearing before an Administrative Law Judge ("ALJ") was filed on May 17, 1990. After the hearing on September 4, 1990, the Secretary denied the request. Plaintiff filed a request for review to the Appeals Council of the Social Security Administration, which was denied on May 22, 1991. She subsequently filed this appeal on January 29, 1992, alleging that the finding of the ALJ is not supported by substantial evidence.
 
 I. Standard of Review
 
 14
 Judicial review of the Secretary's decision is limited in scope by 42 U.S.C. § 405(g).[1] The undersigned's role "on review is to determine whether the secretary's decision is supported by substantial evidence." Campbell v. Bowen, 822 F.2d 1518, 1521 (10th Cir.1987). The court "may not reweigh the evidence or try the issues de novo or substitute its judgment for that of the Secretary." Pierre v. Sullivan, 884 F.2d 799, 802 (5th Cir.1989).[2]
 
 
 15
 The claimant bears the burden of proving disability under the Social Security Act. Channel v. Heckler, 747 F.2d 577, 579 (10th Cir.1984). If he shows that his disability precludes returning to his prior employment, the burden of going forward shifts to the Secretary, who must show that the claimant retain the capacity to perform another job and that this job exists in the national economy. Id.
 
 II. Discussion
 
 16
 When deciding a claim for benefits under the Social Security Act, the ALJ must use the following five-step evaluation: (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in Appendix 1 of the relevant regulation;[3] (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work. 20 C.F.R. § 404.1520(b)-(f) (1991). If the Secretary finds the claimant disabled at any step, the review ends. Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir.1988).
 
 
 17
 In the present case, the ALJ reached the fourth step of the evaluation finding that Garrison could return to her past work as a beautician. On appeal, Garrison refutes that finding, claiming that severe tremors prevents her from being a beautician.
 
 A. Summary of the Evidence
 
 18
 Garrison, who has an eighth grade education, was 46 years old at the time of the hearing. She attended beauty school, worked as a beautician for 12 1/2 years and a school cook for five years. She injured her back, neck, dorsal spine and shoulder in a boating accident and has been unable to work since August 12, 1988.
 
 
 19
 Shortly after the boating accident, Garrison was taken to a hospital for pain in her neck, thorax, left arm, and shoulder. She was diagnosed with spasms and released from the hospital the same day.[4]
 
 
 20
 Three days later, Dr. Tom F. Russell, D.O., Garrison's treating physician, examined her. He noted spasms and tenderness in the cervical and thoracic spine and diagnosed her with cervical, thoracic and multiple shoulder strains. She returned on August 24, 1988. The physician noted she was emotionally stressed.
 
 
 21
 On August 29, 1988, Garrison underwent a physical examination that showed marked spasms and tenderness in the lumbar and sacral regions.[5] On September 14, 1988 a transcutaneous electrical nerve stimulator (TENS) unit was prescribed.[6]
 
 
 22
 On November 22, 1988, Garrison returned to Dr. Russell, complaining about pain in the lumbar area, back pain when raising her leg, spasms and cervical, thoracic and spine tenderness. She returned to Dr. Russell with similar complaints on two other occasions--December 27, 1988 and January 11, 1989. On January 31, 1989, Garrison underwent another physical examination.[7]
 
 
 23
 On April 24, 1989, Garrison testified she re-aggravated her back condition while at home and had to crawl for medicine. Dr. Russell reported on July 18, 1989 that the muscle relaxants and treatment were not working, and it would be months before the patient was physically or emotionally ready to go back to work. Dr. Russell offered the same diagnosis on August 15, 1989.
 
 
 24
 On July 20, 1989, Garrison saw another physician, Dr. Herbert A. Yates, D.O., who found cervical and lumbar strain, plus added traumatic fibromyositis. On August 28, 1989 she was seen by a consultative examiner, Dr. Richard Cooper, D.O., who diagnosed her with spasms and tremors.[8] He also noted central bulging.
 
 
 25
 On August 30, 1989, Garrison started biofeedback and, on October 11, 1989, Garrison stated that her pain diminished during these treatments. By October 25, 1989 claimant was in much less pain. On October 31, 1989, the physician responsible for biofeedback noted an emotional component to the pain.
 
 
 26
 On December 20, 1989, Garrison could relax during biofeedback training. On December 29, 1989, Dr. Yates diagnosed Garrison with chronic and recurrent spasms which would prevent her from engaging in any work at any time in the foreseeable future.
 
 
 27
 On July 27, 1990, Dr. Yates, noted claimant's body impairment was 100%. On July 18, 1990, Dr. Russell stated that claimant could return to work if her symptoms improved. On February 20, 1990 Garrison testified that she went to the emergency room twice for back pain.
 
 
 28
 On April 13, 1990, Garrison underwent a psychometric evaluation. She was diagnosed with somatoform pain disorder and chronic back pain. The findings also indicated that the pain could be caused by emotional problems.
 
 B. Legal Analysis
 
 29
 Three issues are raised in this appeal: 1) whether the ALJ properly analyzed Garrison's subjective complaints of pain; 2) whether the ALJ gave the proper consideration to Dr. Yates' assessment of Garrison's condition; and 3) whether leaving out Garrison's complaint of "tremors" from the hypothetical question mandates a remand or reversal.
 
 
 30
 The ALJ did properly analyze Garrison's subjective complaints of pain. The ALJ must consider all the evidence presented to determine whether the claimant's pain is disabling. Luna v. Bowen, 834 F.2d 161, 163 (10th Cir.1987). In addition to the medical evidence, the ALJ should consider a variety of factors to determine whether the claimant's pain is so severe as to be disabling. Those factors are:
 
 
 31
 --a claimant's persistent attempts to find relief for his pain and his willingness to try any treatment prescribed.
 
 
 32
 --regular use of crutches or a cane
 
 
 33
 --regular contact with a doctor.
 
 
 34
 --the possibility that psychological disorders combine with physical problems.
 
 
 35
 --the claimant's daily activities
 
 
 36
 --the dosage, effectiveness, and side effects of medication. Id. at 165-166.[9]
 
 
 37
 The record indicates that the ALJ did not ignore Garrison's allegations of pain. The ALJ took into account Garrison's various trips to doctors, noting the medical findings discussed above. Record On Appeal at 11-13.
 
 
 38
 The ALJ also examined Garrison's psychological evaluation, especially her secondary diagnosis of somatoform disorder. The ALJ states "that the claimant has a tendency to overstate her symptomalogy, casting doubt upon the credibility of the claimant's testimony as a whole." Id. at 15.
 
 
 39
 The ALJ did take into account the factors listed above, and, in addition, looked at additional factors: the nature, onset, duration, frequency, radiation, and intensity of the Garrison's alleged pain; any treatment other than pain relief; and functional restrictions. Furthermore, the ALJ did not find the claimant's allegations credible or supported by documentary evidence. Record on Appeal at 15.
 
 
 40
 Great deference is given to the ALJ regarding a claimant's credibility. Broadbent v. Harris, 698 F.2d 407, 413 (10th Cir.1983). As discussed above, the undersigned's role is not to re-weigh the evidence or substitute the court's judgment for that of the Secretary. It is to determine whether the Secretary's decision is supported by substantial evidence.
 
 
 41
 The second issue is whether the ALJ gave the proper consideration to Dr. Yates' assessment of Garrison's condition. The undersigned believes that the ALJ gave substantial weight to the evidence submitted by Garrison's "treating physician". Unless good cause is shown to the contrary, the ALJ must give substantial weight to the testimony of the claimant's treating physician. Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir.1984). If the opinion of the claimant's physician is to be disregarded, specific legitimate reasons for this action must be set forth. Id.
 
 
 42
 The record indicates that the ALJ did follow Byron. The ALJ gave three reasons for disregarding Dr. Yates' assessment of Garrison. The ALJ points out that Dr. Yates was retained by Garrison's attorney and, in addition, Dr. Yates saw Garrison for a shorter period of time than did Garrison's other physician, Dr. Russell. Dr. Yates treated Garrison from May 8, 1990; Dr. Russell treated her for a year on a weekly basis. Dr. Russell stated that if Garrison's symptoms improved she could return to work. The ALJ further states that he finds Dr. Yates' findings totally inconsistent with his analysis and that Yates put too much emphasis on what may happen in the future concerning Garrison's condition and not on her current status.
 
 
 43
 As a result, the undersigned finds that the Secretary did give adequate specific and legitimate reasons for disregarding Yates' findings. Garrison's argument on this issue is without merit.
 
 
 44
 The third issue is whether leaving out Garrison's complaint of "tremors" from the hypothetical questions mandates a remand or reversal. "Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Ekeland v. Bowen, 899 F.2d 719, 724 (8th Cir.1990). Precision is not defined but this case indicates that uncontradicted expert conclusions that are corroborated by evidence must be included in the hypothetical. Id. at 722.
 
 
 45
 Based on the record, the hypothetical question posed to the vocational expert included all claimant's impairments. Dr. Cooper, on August 28, 1989, examined Garrison and diagnosed her with muscle spasms and tremors. Record on Appeal at 150. However, Dr. Cooper only saw Garrison once. And no other doctor corroborated that Garrison had tremors. Furthermore, the record, including Garrison's testimony, mentions nothing about tremors. The ALJ is required to relate with precision a claimant's impairments in a hypothetical. He does not, however, have to put in every impairment that is alleged or mentioned.
 
 III. Conclusion
 
 46
 Substantial evidence exists to support the ALJ's decision that Garrison could return to her past relevant work as a beautician. The record indicates that the ALJ did properly evaluate Garrison's subjective complaints of pain. In addition, the ALJ gave legitimate and specific reasons for not taking into account Dr. Yates' assessment of Garrison. Further, the hypothetical question posed to the vocational expert was also not in error. As a result, the United States Magistrate Judge recommends the Secretary's decision be AFFIRMED.
 
 
 47
 Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of the receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[10]
 
 
 48
 Dated this 30th day of June, 1992.
 
 
 49
 ------/s/ Jeffrey S. Wolfe
 
 
 50
 ------JEFFREY S. WOLFE
 
 
 51
 ------UNITED STATES MAGISTRATE JUDGE
 
 
 52
 IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
 
 DISTRICT OF OKLAHOMA
 
 53
 Loretta A. Garrison, Plaintiff,
 
 
 54
 vs.
 
 
 55
 Louis W. Sullivan, M.D. Secretary of Health and Human
 
 
 56
 Services, Defendant.
 
 
 57
 Case No. 91-C-501-B.
 
 
 58
 Nov. 3, 1992.
 
 ORDER
 
 59
 Before the Court for consideration is Plaintiff Loretta A. Garrison's ("Garrison") objection to the Report and Recommendation ("R & R") of the U.S. Magistrate Judge affirming the Administrative Law Judge's ("ALJ") denial of Social Security Disability Benefits and Supplemental Security Income Disability.
 
 
 60
 Garrison's initial application for Social Security disability benefits was denied by the Secretary of Health and Human Services. Garrison then requested a hearing before an ALJ who also denied her application. Garrison appealed the ALJ's ruling to the Social Security Appeals Council, which denied review. Garrison brings the instant action pursuant to 42 U.S.C. § 405(g) to challenge the denial of Social Security disability benefits. The U.S. Magistrate Judge recommends affirmation of the denial decisions.
 
 
 61
 Garrison was injured in a boating accident in August, 1988. She was taken to a hospital where she was diagnosed with muscle spasms and released the same day. Shortly thereafter, Garrison's treating physician, Dr. Tom F. Russell, D.O., noted muscle spasms and tenderness in the cervical and thoracic spine and diagnosed her as suffering from back and shoulder muscle strain. Garrison continued to visit Dr. Russell who in July and August, 1989, reported that muscle relaxants and treatments were not working, and it would be months before Garrison was physically or emotionally ready to go back to work.
 
 
 62
 Garrison also began visiting with Dr. Herbert A. Yates, D.O., in July, 1989. In August, 1989, consultative examiner, Dr. Richard Cooper, D.O., diagnosed Garrison with muscle spasms and tremors. Garrison began biofeedback treatments during which her pain diminished considerably. At various points during Garrison's treatments, Dr. Russell's and Dr. Yates' findings both indicated that her pain could be caused by emotional problems. In July 1990, Dr. Yates and Dr. Russell gave greatly differing diagnoses of Garrison's condition. Dr. Yates stated that Garrison's body impairment was 100% and that she would not be able to engage in any work at any time in the foreseeable future. Dr. Russell stated that Garrison could return to work if her symptoms improved.
 
 
 63
 Garrison's objection to the U.S. Magistrate Judge's R & R contends that:
 
 
 64
 1) the findings of the Secretary of Health and Human Services are not based on substantial evidence, and
 
 
 65
 2) the ALJ's denial decision was erroneously based on improper hypothetical questions asked by the ALJ to the vocational expert witness.
 
 
 66
 The Social Security Act entitles every individual who "is under a disability" to a disability insurance benefit. 42 U.S.C.A. § 423(a)(1)(D) (1983). "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." Id. § 423(d)(1)(A). An individual
 
 
 67
 "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."
 
 
 68
 Id. § 423(d)(2)(A).
 
 
 69
 Under the Social Security Act the claimant bears the burden of proving a disability, as defined by the Act, which prevents him from engaging in his prior work activity. Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir.1988); 42 U.S.C. § 423(d)(5) (1983). Once the claimant has established such a disability, the burden shifts to the Secretary to show that the claimant retains the ability to do other work activity and that jobs the claimant could perform exist in the national economy. Reyes, 845 F.2d at 243; Williams v. Bowen, 844 F.2d 748, 751 (10th Cir.1988); Harris v. Secretary of Health and Human Services, 821 F.2d 541, 544-45 (10th Cir.1987).
 
 
 70
 The Secretary meets this burden if the decision is supported by substantial evidence. See Campbell v. Bowen, 822 F.2d 1518, 1521 (10th Cir.1987); Brown v. Bowen, 801 F.2d 361, 362 (10th Cir.1986). "Substantial evidence" requires "more than a scintilla, but less than a preponderance," and is satisfied by such relevant "evidence that a reasonable mind might accept to support the conclusion." Campbell v. Bowen, 822 F.2d at 1521; Brown, 801 F.2d at 362. The determination of whether substantial evidence supports the Secretary's decision, however,
 
 
 71
 "is not merely a quantitative exercise. Evidence is not substantial 'if it is overwhelmed by other evidence--particularly certain types of evidence (e.g., that offered by treating physicians)--or if it really constitutes not evidence but mere conclusion.' "
 
 
 72
 Fulton v. Heckler, 760 F.2d 1052, 1055 (10th Cir.1985) (quoting Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir.1985). Thus, if the claimant establishes a disability, the Secretary's denial of disability benefits, based on the claimant's ability to do other work activity for which jobs exist in the national economy, must be supported by substantial evidence.
 
 
 73
 The Secretary has established a five-step process for evaluating a disability claim. See Bowen v. Yuckert, 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). The five steps, as set forth in Reyes v. Bowen, 845 F.2d at 243, proceed as follows:
 
 
 74
 (1) A person who is working is not disabled. 20 C.F.R. § 416.920(b).
 
 
 75
 (2) A person who does not have an impairment or combination of impairments severe enough to limit his ability to do basic work activities is not disabled. 20 C.F.R. § 416.920(c).
 
 
 76
 (3) A person whose impairment meets or equals one of the impairments listed in the "Listing of Impairments," 20 C.F.R. § 404, subpt. P, app. 1, is conclusively presumed to be disabled. 20 C.F.R. § 416.920(d).
 
 
 77
 (4) A person who is able to perform work he has done in the past is not disabled. 20 C.F.R. § 416.920(e).
 
 
 78
 (5) A person whose impairment precludes performance of past work is disabled unless the Secretary demonstrates that the person can perform other work available in the national economy. Factors to be considered are age, education, past work experience, and residual functional capacity. 20 C.F.R. § 416.920(f).
 
 
 79
 If at any point in the process the Secretary find that a person is disabled or not disabled, the review ends. Reyes, 845 F.2d at 243; Talbot v. Heckler, 814 F.2d 1456, 1460 (10th Cir.1987); 20 C.F.R. § 416.920.
 
 
 80
 In the present case, the ALJ reached the fourth step of the review and found that Garrison could perform her past work as a self-employed beautician. Garrison appealed this finding alleging that severe constant pain and hand tremors prevent her from being a beautician. As discussed above, the undersigned's role is not to reweigh the evidence or substitute the court's judgment for that of the Secretary. It is to determine whether the Secretary's decision is supported by substantial evidence.
 
 
 81
 The record indicates that consideration was given to Garrison's complaints of pain; the nature, onset, duration, frequency, radiation, and intensity of Garrison's pain; the medical findings, physical as well as psychological, of her doctors; and the measures taken to treat the pain. Facing conflicting diagnoses from Garrison's doctors, the ALJ ultimately decided in favor of Dr. Russell's diagnosis. Furthermore, the ALJ's decision to disregard Dr. Yates' assessment was supported by specific and legitimate reasons. After a thorough review of the record, the Court finds there is substantial evidence to support the ALJ's finding that Garrison is not disabled. The Court further incorporates by reference the R & R of the Magistrate Judge setting forth the testimony and medical evidence relied upon by the ALJ.
 
 
 82
 Garrison's second objection to the Magistrate Judge's R & R is that the hypothetical questions posed to the vocational expert were inadequate. Garrison contends that the hypothetical questions improperly excluded her alleged hand tremors. Hypothetical questions posed to vocational experts must sufficiently relate the claimant's particular physical and mental impairments. Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir.1991). Otherwise, a response to an inadequate hypothetical is not substantial evidence sufficient to support the ALJ's decision. Id. The Tenth Circuit has found, however, that the ALJ need only set forth those physical and mental impairments accepted as true by the ALJ, and the question will be improper only if it was clearly deficient. Brown v. Brown, 801 F.2d 361, 363 (10th Cir.1986). Here, the alleged hand tremors were diagnosed by only one of the three doctors involved, the doctor who visited with Garrison on only one occasion.
 
 
 83
 This Court finds that the hypothetical question specifically and correctly stated Garrison's condition. Furthermore, the answer to the hypothetical question posed by the ALJ was only part of the evidence relied upon by the ALJ in making his ruling. A combination of four types of evidence, all of which have been presented in this case, may satisfy the substantial evidence requirement: 1) objective medical facts; 2) medical opinions; 3) subjective evidence of pain and disability; 4) and the claimant's age, education and work experience. Ward v. Harris, 515 F.Supp. 859 (W.D.Okla.1981).
 
 
 84
 For the aforementioned reasons, this Court agrees with and adopts the R & R of the Magistrate Judge. The ALJ's denial of Social Security Disability Benefits and Supplemental Security Income Disability is hereby AFFIRMED.
 
 
 85
 IT IS SO ORDERED THIS 2nd DAY OF NOVEMBER, 1992.
 
 
 86
 ----------/s/ Thomas R. Brett
 
 
 87
 ----------THOMAS R. BRETT
 
 
 88
 ----------UNITED STATES DISTRICT JUDGE
 
 
 
 *
 Honorable Clarence A. Brimmer, United States District Judge for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Section 405g reads, in part: "Any individual, after the final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow ... the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive."
 
 
 [2]
 Substantial evidence is "more than a scintilla; it is relevant evidence as a reasonable mind might deem adequate to support a conclusion." Jordan v. Heckler, 835 F.2d 1314, 1316 (10th Cir.1987). A finding of "no substantial evidence" will be found only where there is a conspicuous absence of absence of credible choices or no contrary medical evidence. Trimiar v. Sullivan, No. 90-5249, slip op. at 6 (10th Cir. April 23, 1989)
 
 
 [3]
 Appendix 1 is a listing of impairments for each separate body system. 20 C.F.R. Pt. 404, Subpt. P, App. 1 (1991)
 
 
 [4]
 Claimant was given a physical examination. All tests and x-rays were within normal range. The only finding was muscle tenderness in the trigger point in the left parascapular muscle group. The hospital prescribed Parafon Forte and Anaprox for the pain. Record on Appeal at 117-121
 
 
 [5]
 The lumbar region is an area in the back situated between the ribs and the pelvis. The sacral region is the bone on the posterior section of the pelvis
 
 
 [6]
 Garrison testified that the TENS unit does alleviate some of her pain. Record on Appeal at 38
 
 
 [7]
 The physician noted that the claimant's lumbar range of motion was restricted. See Record on Appeal at 135
 
 
 [8]
 Dr. Cooper was unable at that time to determine if the diagnosis was permanent or if the pain and spasms would subside
 
 
 [9]
 This is not an exhaustive list, and the undersigned does not read Luna as requiring that the ALJ consider all of these factors in every case. The decision maker, however, must expand his inquiry beyond objective evidence so that his decision
 
 
 [10]
 See Moore v. United States of America, 950 F.2d 656 (10th Cir.1991)