**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 22 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GRACE J. BROWN,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 99-5023
(D.C. No. 97-CV-786)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **LUCERO** , and **MURPHY** , Circuit Judges.

---

Claimant Grace J. Brown appeals the district court's order[1] affirming the

Commissioner's decision to deny her application for disability insurance benefits.

She alleges disability since April 27, 1993, due to pain and swelling in her hands,

wrists, and right ankle, pain in her arms, right foot, right hip, and posterior neck

---

    * The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    [1] The parties consented to proceed before a magistrate judge. See 28 U.S.C. § 636(c).

and shoulder areas, microscopic colitis, hypertension, and peptic ulcer disease. A prior application was denied February 1, 1994, but not appealed. Therefore, the Administrative Law Judge (ALJ) determined that the beginning date for claimant's current application was February 2, 1994.

Following a hearing, the ALJ determined at step five of the five-step analysis, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps), that claimant could not perform her past work as a converter repairer, but that she could perform alternate work that exists in significant numbers in the local and national economies. Accordingly, the Commissioner determined that claimant was not disabled within the meaning of the Social Security Act.

On appeal, claimant contends that the ALJ (1) failed to find that claimant's colitis and seronegative arthritis were severe impairments, (2) failed to evaluate properly claimant's complaints of disabling pain, and (3) improperly refused to reopen claimant's prior application. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

We review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. See Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion.'" Soliz v. Chater, 82 F.3d 373, 375 (10th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971) (further quotation omitted)). We may neither reweigh the evidence nor substitute our judgment for that of the Commissioner. See Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Claimant contends that the ALJ misunderstood her diagnoses of seronegative polyarthritis and microscopic colitis.[2] According to claimant, seronegative polyarthritis could be the cause of her ankle, hip and shoulder pain, making it impossible for her to perform medium or light exertional work activities. The ALJ considered the objective medical evidence and claimant's testimony on her pain, as well as her testimony on her ability to stand and walk. Based on our review of the evidence, we determine that substantial evidence supports the ALJ's conclusion that claimant's arthritis does not preclude her from performing medium or light work. As for her colitis, neither claimant nor her doctor indicated it would adversely affect her ability to work. To the extent claimant argues the ALJ erred by not finding that the combined effects of

---

[2] The Commissioner argues that claimant did not present this argument to the district court and, therefore, it is waived on appeal. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994). We conclude that the issue was apprehended by her argument that the ALJ failed to consider the extent of her impairments and their effect on her ability to work.

seronegative polyarthritis and microscopic colitis were more severe than either condition separately, the medical evidence does not support such a finding.

Claimant next challenges the ALJ's finding that her complaints of disabling pain were not fully credible. The ALJ discussed the appropriate factors relating to claimant's assertions of severe pain, identified the evidence he considered in evaluating those factors, and gave reasons for his determination that claimant did not suffer from disabling pain. See Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (discussing factors ALJ should consider and requiring ALJ to link credibility findings to substantial evidence).

Claimant argues that the ALJ's reasons for discrediting her complaints of severe pain are not supported by substantial evidence. She asserts that the ALJ improperly relied on her physician's statement that, although she could not perform her past job requiring repetitive hand and wrist motions, she could perform other work-related activities. Citing Harris v. Secretary of Health & Human Servs., 821 F.2d 541 (10th Cir. 1987), claimant argues that the ALJ should not have considered that opinion because it was made before claimant was diagnosed with seronegative polyarthritis and microscopic colitis. Harris is inapposite. There, the ALJ failed to recognize that the treating physician had changed his opinion regarding the claimant's ability to work, and instead relied on an early opinion that the claimant could work despite a later opinion that his

deteriorating condition prevented him from working. See 821 F.2d at 544. Here, claimant's treating physician, Dr. Sanders, stated on April 7, 1995, that claimant could do other work. See Appellant's App. vol. II at 110. No later or conflicting opinion by Dr. Sanders appears in the record, and no other physician stated that claimant could not perform any work-related activities, although others concurred with Dr. Sanders that she could not perform her past work. Consequently, the ALJ's consideration of Dr. Sanders' opinion that claimant could perform other work was not in error.

Claimant also alleges that the ALJ erred in discounting her complaints of disabling pain due to the lack of medication for severe pain. She claims the ALJ did not understand that she could not take strong medications for pain or other symptoms because they could aggravate her colitis. Claimant relies on "common knowledge" that patients with ulcers should avoid some medications. Appellant's Br. at 33. However, none of claimant's physicians stated that her peptic ulcer disease precluded her from taking medications, and they prescribed various medications. The ALJ properly relied on the medical evidence in the record; he was not required to investigate medical theories not presented to him.

Claimant's argument suggests that the ALJ ignored the medical evidence that she had some pain and swelling in her back, shoulders and legs, but, in fact, the ALJ acknowledged these conditions. He determined they were not disabling,

a determination supported by substantial evidence. The ALJ also evaluated the limitations on claimant's right hand and tailored his hypothetical question to the vocational expert to include those limitations. See Appellant's App. vol. II at 226-27; cf. Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir. 1993) (hypothetical question to vocational expert must include only those impairments ALJ finds credible). Claimant's additional arguments speculating that she could have taken pain medication before the hearing, that her morning stiffness could have worn off before the hearing, that she could have related to her examining physicians that she was in pain, not by words, but by facial expressions, and that diarrhea at night would logically interfere with her sleep and therefore with her ability to work, are insufficient to undermine the substantial evidence supporting the ALJ's decision. Accordingly, we will not disturb the ALJ's credibility determination. See Adams v. Chater, 93 F.3d 712, 715 (10th Cir. 1996) (ALJ is "individual optimally positioned to observe and assess witness credibility") (quotation omitted).

Finally, we consider claimant's allegation that the ALJ erred in refusing to reopen her earlier claim filed January 3, 1994, and denied February 1, 1994. Claimant has not identified "a colorable constitutional claim;" therefore, the district court was without jurisdiction to review the Commissioner's discretionary

decision not to reopen the earlier ruling.  Nelson v. Secretary of Health & Human Servs., 927 F.2d 1109, 1111 (10th Cir. 1990) (quotation omitted).

AFFIRMED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge