**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 29, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
———————————————

GILBERT W. LOPEZ,

    Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant-Appellee.

No. 15-1061
(D.C. No. 1:14-CV-00476-MEH)
(D. Colo.)

———————————————

**ORDER AND JUDGMENT**[*]
———————————————

Before **BACHARACH**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
———————————————

The Commissioner of the Social Security Administration denied Mr.

Gilbert Lopez's application for benefits involving disability insurance and

supplemental security income. An administrative law judge (ALJ) agreed

with the denial, concluding that Mr. Lopez was not disabled. The district

court affirmed the denial and Mr. Lopez appeals, arguing that the ALJ had

---

[*]    The parties have not requested oral argument, and we do not believe
it would materially aid our consideration of the appeal. *See* Fed. R. App. P.
34(a)(2); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on
the briefs.

    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But our order and judgment may be cited for its persuasive value under
Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

erroneously failed to account for opinions by a treating physician (Dr. David Krause) and a consultative examiner (Dr. Justin Olswanger). According to Mr. Lopez, the ALJ erred by

- improperly assessing, and then disregarding, Dr. Krause's opinions on restrictions involving sitting and manipulation,

- inexplicably failing to account for Dr. Krause's opinions limiting Mr. Lopez's posture and ability to lift, carry, stand, walk, and change positions, and

- rejecting Dr. Olswanger's sitting limitation without explanation.

We agree with Mr. Lopez, concluding that the ALJ erred in analyzing the opinions by Dr. Krause and Dr. Olswanger. Accordingly, we reverse and remand with instructions for the district court to remand this matter to the Social Security Administration for further proceedings.

## I.    Standard of Review

On appeal, we engage in de novo review, applying the same standard that governed in district court. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (de novo review); *Nguyen v. Shalala*, 43 F.3d 1400, 1402 (10th Cir. 1994) (same standard as in district court). Under that standard, the district court had to determine whether the ALJ applied the correct legal standards. *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004). Reversal of the agency decision is necessary when ALJs apply an incorrect legal standard or fail to show that they have applied the correct standard. *Id.*

2

## II.  The ALJ did not properly analyze Dr. Krause's opinions.

Dr. Krause treated Mr. Lopez for pain in his neck, lower back, and knee. Based on this treatment, Dr. Krause opined that Mr. Lopez

- could not sit for more than four hours in an eight-hour workday,

- could engage in only occasional reaching, handling, and fingering of objects, and

- was otherwise limited in his posture and ability to lift, carry, stand, walk, and change position.

The ALJ improperly assessed these opinions.

### A.  When considering Mr. Lopez's sitting and manipulative restrictions, the ALJ omitted the second step of the required two-part test.

Because Dr. Krause was a treating physician, we give his opinion more weight than the opinions of other physicians. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Thus, we employ a two-step test to evaluate the ALJ's consideration of Dr. Krause's medical opinions. *See Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011). Each part of the test is analytically distinct. *Id.*

First, the ALJ must consider whether the opinion is entitled to controlling weight because it is both "well-supported by medically acceptable clinical or laboratory diagnostic techniques" and "[]consistent with other substantial evidence in the record." *Id.*

3

Second, if the treating physician's opinion is not entitled to controlling weight, the ALJ must "make clear how much weight the opinion is being given (including whether it is being rejected outright) and give good reasons, tied to the factors specified in [20 C.F.R. §§ 404.1527 and 416.927] . . . for the weight assigned." *Id.*

At the first step, the ALJ decided not to give controlling weight to Dr. Krause's opinions involving limitations in the ability to sit, reach, handle, and finger.[1] But the ALJ did not complete the second step.

The ALJ stated that he had given Dr. Krause's opinions "[p]artial weight." R. at 26. But the ALJ never gave a reason for declining to heed Dr. Krause's opinions concerning Mr. Lopez's limited ability to sit, reach, handle, and finger.

These limitations could have affected the outcome. For example, the sitting limitation could have prevented Mr. Lopez from completing an eight-hour workday. *See* Social Security Ruling 96-8p, 1996 WL 374184, at *1 (July 2, 1996) (stating that the assessment of residual functional capacity measures a claimant's ability to conduct work-related activities "8 hours a day, for 5 days a week, or an equivalent work schedule"). Similarly, Dr. Krause's stated limitations on manipulation, reaching, handling, and fingering could have proven material: The vocational expert

---

[1]    Mr. Lopez does not challenge the ALJ's denial of controlling weight to Dr. Krause's opinion.

4

testified that Mr. Lopez could perform the demands of a survey worker, lens-block gauger, or small products assembler, and these jobs are said to require

- significant manipulation or
- frequent reaching, handling, and fingering.

*See* Dict. of Occup. Titles 706.684-022, 1991 WL 679050 (small products assembler: significant manipulation and frequent reaching, handling, and fingering); *id.* at 716.687-030, 1991 WL 679466 (lens-block gauger: significant handling and frequent reaching, handling, and fingering); *id.* at 205.367-054, 1991 WL 671725 (survey worker: frequent reaching, handling, and fingering). In light of the potential for Dr. Krause's stated limitations to affect the outcome, the ALJ's failure to complete the second step of the analysis requires reversal and remand. *See Krauser*, 638 F.3d at 1331 (reversing and remanding because the ALJ's assessment of the treating physician's opinion was "patently inadequate for the distinct reason that it ends halfway through the required two-step analysis").

> **B.     The ALJ determined that Dr. Krause's other restrictions were well-supported and due partial weight, but then failed to account for these restrictions when assessing residual functional capacity.**

The ALJ found support in the record for Dr. Krause's assessment of limitations on Mr. Lopez's posture and lifting, carrying, standing, walking,

5

and changing position. Nonetheless, in four ways, the ALJ omitted these restrictions when assessing Mr. Lopez's residual functional capacity:

1. Dr. Krause concluded that Mr. Lopez could lift and carry twenty pounds for up to one-third of a workday. R. at 456-57. But the ALJ found that Mr. Lopez could perform light exertional work, which requires occasionally lifting and carrying up to twenty pounds and frequently lifting and carrying up to ten pounds. *See* 20 C.F.R. §§ 404.1567(b), 416.967(b).

2. Dr. Krause determined that Mr. Lopez could stand and walk up to fifteen minutes at a time, for two hours total per day. R. at 457. But the ALJ found that Mr. Lopez could "stand and walk for two to three hours" per day and "for 30 to 60 minutes at one time." *Id.* at 20.

3. Dr. Krause concluded that Mr. Lopez could rarely stoop, squat, crawl, or kneel. *Id.* at 457. But the ALJ found that Mr. Lopez could occasionally stoop, bend, and crouch. *Id.* at 20.

4. Dr. Krause concluded that Mr. Lopez should have the option to stand every 30 or more minutes. *Id.* at 457. But the ALJ set that time frame at 30 to 60 minutes. *Id.* at 20.

"The [residual functional capacity] assessment must always consider and address medical source opinions. If the . . . assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." Social Security Ruling 96-8p, 1996 WL 374184, at *7 (July 2, 1996); *see also Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (explaining that the ALJ "must discuss . . . significantly probative evidence he rejects" (quoting *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996))).

The ALJ failed to

6

- apply the regulatory factors to Dr. Krause's opinions, as required under the second step of the test and

- articulate a specific, legitimate reason for rejecting or discounting these opinions.

20 C.F.R. §§ 404.1527, 416.927. Thus, the ALJ did not "engag[e] in the proper legal analysis" and we must reverse. *Hamlin v. Barnhart*, 365 F.3d 1208, 1219 (10th Cir. 2004); *see Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (reversing and remanding because the ALJ should have explained why he had rejected some of the consulting doctor's restrictions in the residual functional capacity "while appearing to adopt the others").

C. **We reverse and remand for further consideration of Dr. Krause's recommended restrictions.**

We reverse and remand for the ALJ to

- apply the factors listed in 20 C.F.R. §§ 404.1527 and 416.927 to Dr. Krause's opinions and

- incorporate the restrictions discussed above into the assessment of the residual functional capacity or explain the decision not to do so.

III. **The ALJ erroneously omitted Dr. Olswanger's sitting limitation.**

As the Commissioner instructed, Dr. Olswanger evaluated Mr. Lopez for pain in his right knee, back, and neck. Dr. Olswanger's report detailed limitations in Mr. Lopez's ability to

1. sit more than four hours in a normal eight-hour workday,

2. stand or walk more than about four hours in a normal eight-hour workday,

7

3. lift or carry objects more than ten pounds, and

4. maintain his posture when engaging in activities requiring a range of motion in the spine.

The ALJ adequately assessed Dr. Olswanger's opinions regarding standing, walking, lifting, carrying, and posture.[2] But the ALJ did not address Mr. Lopez's inability to sit for more than four hours. The ALJ mentioned this inability, but did not say why he disagreed with Dr. Olswanger regarding how long Mr. Lopez could sit. This omission constituted error, for a four-hour sitting restriction could prevent Mr. Lopez from completing an eight-hour workday. Thus, we reverse and remand for the ALJ to

- address Dr. Olswanger's four-hour sitting restriction and

- incorporate the restriction into the assessment of Mr. Lopez's residual functional capacity or explain the decision not to do so.

**IV. The ALJ's reliance on Dr. Frank Barnes's opinion does not cure the errors in assessing Dr. Krause's and Dr. Olswanger's opinions.**

The Commissioner argues that the ALJ did not err in assessing Dr. Krause's and Dr. Olswanger's opinions because the ALJ chose instead to

---

[2] The ALJ gave "[l]imited weight" to Dr. Olswanger's opinions, "insofar as [Dr. Olswanger] advises that the claimant remain on his feet for only part of the workday and have some degree of postural limitations." R. at 25. The ALJ declared these recommendations to be "well-supported by the repeated knee surgeries and the findings of reduced lumbar motion." *Id.* But the ALJ rejected the recommendation for Mr. Lopez to avoid lifting more than ten pounds, concluding that this recommendation conflicted with the objective medical evidence.

rely on the opinion of Dr. Frank Barnes, who was a nonexamining medical expert. We reject this argument.

Dr. Barnes recommended lesser restrictions than those suggested by the diagnoses of Dr. Krause and Dr. Olswanger. For example, Dr. Barnes opined that Mr. Lopez could

- stand or walk two to three hours a day,

- sit eight hours a day with intermittent postural changes,

- occasionally lift twenty pounds, frequently lift ten pounds, and occasionally kneel, squat, crawl, or climb ladders, stairs, or ramps, and

- engage in activities without any restriction on manipulative abilities.

The ALJ assigned "great weight" to these opinions, concluding that Dr. Barnes was "well qualified to render opinions," "had the opportunity to examine all of the evidence of record," and rendered well-supported opinions. R. at 27. Thus, the ALJ accepted Dr. Barnes's opinions "in large part" as the physical residual functional capacity. *Id.*

The ALJ's preference for Dr. Barnes's opinion does not remedy the failure to fully address the opinions of Dr. Krause and Dr. Olswanger. Though the ALJ could assign great weight to Dr. Barnes's opinion, the ALJ still had to address the opinions of Dr. Krause and Dr. Olswanger. *See Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) (holding that the ALJ erred in rejecting a treating physician's opinion in favor of a

9

non-examining consulting-physician opinion "absent a legally sufficient explanation for doing so" (citing 20 C.F.R. §§ 404.1527(d)(1), (2) and 416.927(1) and Social Security Ruling 96-6p, 1996 WL 374180, at *2 (July 2, 1996))). In doing so, the ALJ had to explain his reasons for rejecting the opinions of Dr. Krause and Dr. Olswanger. *See Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007).

**V.     We decline to order an immediate award of benefits.**

Mr. Lopez asks us to exercise our discretion to order an immediate award of benefits. In deciding whether this remedy is appropriate, we consider

- how long the matter has been pending and

- whether remand for additional fact-finding would prove useful or simply delay the inevitable receipt of benefits.

*Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (quoting *Harris v. Sec'y of Health & Human Servs.*, 821 F.2d 541, 545 (10th Cir. 1987)). Although we recognize this matter has been pending over seven years, we conclude that further administrative proceedings are appropriate. Consequently, we deny Mr. Lopez's request for an immediate award of benefits.

**VI.   Disposition**

The judgment of the district court is reversed. We remand to the district court with instructions to remand to the Social Security

10

Administration for further proceedings. But we deny Mr. Lopez's request for an immediate award of benefits.

Entered for the Court


Robert E. Bacharach
Circuit Judge