**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

GILBERT W. LOPEZ,

    Plaintiff - Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

    Defendant - Appellee.

No. 16-1357
(D.C. No. 1:14-CV-00476-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

    Gilbert W. Lopez appeals the district court's denial of his fee application

under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  We affirm.

    In 2009, Mr. Lopez applied for disability insurance benefits and supplemental

security income.  The Commissioner of the Social Security Administration denied his

application, the district court affirmed the denial, and Mr. Lopez appealed.  This

court reversed and instructed the district court to remand to the Social Security

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

Administration for further analysis of the opinions provided by the treating physician and a consultative examiner. *See Lopez v. Colvin*, 642 F. App'x 826 (10th Cir. 2016).

Under the EAJA, the prevailing party in an action brought by or against the United States is entitled to fees, other expenses, and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). On this basis, Mr. Lopez applied to the district court for $12,218.00 in attorney fees. The Commissioner opposed his application and thus assumed the burden of demonstrating that the government's position was substantially justified. *See Hadden v Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988).

We have defined "substantially justified" to mean that the Commissioner's position was reasonable in law and in fact and can be "justified to a degree that could satisfy a reasonable person." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (internal quotation marks omitted). "The government's 'position can be justified even though it is not correct.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). Applying this standard, the district court found the Commissioner's position was substantially justified and denied Mr. Lopez's motion for an award of attorney fees.

We review the district court's denial of an EAJA award for an abuse of discretion. *Madron v. Astrue*, 646 F.3d 1255, 1257 (10th Cir. 2011). "Our appellate role is limited to ensuring that the district court's discretionary decision did not fall

2

beyond the bounds of the rationally available choices before the district court given the facts and the applicable law in the case at hand." *Id.* (alteration and internal quotation marks omitted). After careful review of the parties' briefs, the appendix, and the applicable law, we conclude the district court did not abuse its discretion.

In his appellate briefs, Mr. Lopez devotes considerable effort to explaining how the ALJ erred and why this court properly reversed and remanded. But "it does not necessarily follow from our decision vacating an administrative decision that the government's efforts to defend that decision lacked substantial justification." *Id.* at 1258. Whether the Commissioner was correct and whether the Commissioner's position was reasonable are separate questions. As we said in *Madron*, "[w]hen we review the merits of a denial of benefits, . . . we review for the presence or absence of substantial evidence to support the administrative decision. When a district court reviews an EAJA application, however, it considers (among other things) whether the government's litigating position enjoyed substantial justification in fact and law; that is whether its litigating position was *reasonable* even if *wrong*." *Id.* at 1257 (internal citations omitted).

Mr. Lopez presents no arguments that lead us to conclude the district court's decision "f[e]ll beyond the bounds of the rationally available choices before" it, *id.* (internal quotation marks omitted). The district court's thorough analysis cited record evidence to support its conclusion that the agency's position, taken as a whole, had a reasonable basis in law and fact. Because the district court did not abuse its

3

discretion, we affirm its judgment denying Mr. Lopez's fee request.

ENTERED FOR THE COURT.


Scott M. Matheson, Jr.
Circuit Judge